David S. Sager
**DLA PIPER LLP (US)**
51 John F. Kennedy Parkway, Suite 120
Short Hills, New Jersey 07078-2704
david.sager@us.dlapiper.com

*Attorneys for Plaintiffs*
*Days Inns Worldwide, Inc.,*
*Wyndham Hotel Group, LLC, and*
*Wyndham Hotels & Resorts, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DAYS INNS WORLDWIDE, INC., WYNDHAM HOTEL GROUP, LLC, and WYNDHAM HOTELS & RESORTS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> 4200 ROSE HOSPITALITY LLC, INDRA PATEL, AND JYOTI PATEL, <br><br> Defendants. | HONORABLE BRIAN R. MARTINOTTI <br> Civil Action No. 2:22-CV-04822-BRM-CLW <br><br><br> **AMENDED COMPLAINT** <br><br> Document Electronically Filed |

Plaintiffs Days Inns Worldwide, Inc., Wyndham Hotel Group, LLC, and Wyndham Hotels & Resorts, Inc., by their attorneys, DLA Piper LLP (US), complaining of defendants 4200 Rose Hospitality LLC, Indra Patel, and Jayoti Patel, say:

**THE PARTIES**

1.      Plaintiff Days Inns Worldwide, Inc. ("DIW") is a Delaware corporation that maintains a principal place of business in Parsippany, New Jersey.

2.      Plaintiff Wyndham Hotel Group, LLC ("WHG") is a Delaware limited liability company that maintains a principal place of business in Parsippany, New Jersey. The sole member of WHG is Wyndham Hotels & Resorts, Inc. ("WHR").

1

3. WHR is a Delaware corporation that maintains a principal place of business in Parsippany, New Jersey.

4. Upon information and belief, 4200 Rose Hospitality LLC ("4200 Rose Hospitality") is a Pennsylvania limited liability company with a principal place of business in Philadelphia, Pennsylvania. Upon further information and belief, the constituent members of 4200 Rose Hospitality are Indra Patel and Jyoti Patel, each of whom is a citizen of Pennsylvania.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332 inasmuch as DIW, WHG, and WHR and each of the defendants are citizens of different states and the amount in controversy in this matter, exclusive of interest and costs, exceeds the sum of $75,000.

6. This Court has personal jurisdiction over 4200 Rose Hospitality by virtue of section 17.6.3 of the July 23, 2008 License Agreement between DIW and 4200 Rose Hospitality (the "License Agreement"), pursuant to which 4200 Rose Hospitality consented and waived objection to the personal jurisdiction of and venue in the "New Jersey state courts situated in Morris County, New Jersey and the United States District Court for the District of New Jersey for all cases and controversies under [the License] Agreement or between [DIW] and [4200 Rose Hospitality]."

7. The Court has personal jurisdiction over Indra Patel and Jyoti Patel (collectively, the "Guarantors") pursuant to the terms of a Guaranty (the "Guaranty") executed by the Guarantors whereby the Guarantors acknowledged the application of section 17 of the License Agreement.

8. Venue is proper in this District pursuant to section 17.6.3 of the License Agreement, in which the parties consented to venue in this District.

## **ALLEGATIONS COMMON TO ALL COUNTS**

9. DIW and 4200 Rose Hospitality entered into the License Agreement for the operation of a 116-room Days Inn® guest lodging facility located at 4200 Roosevelt Blvd., Philadelphia, PA 19124 (the "Facility").

10. Pursuant to section 8.1 of the License Agreement, 4200 Rose Hospitality agreed to indemnify DIW and its affiliates (defined as "Indemnitees") and hold them harmless "from and against all Losses and Expenses, incurred by any Indemnitee for any investigation, claim, action, suit, demand, administrative or alternative dispute resolution proceeding, relating to or arising out of any transaction, occurrence or service at, or involving the operation of, the Facility . . . ."

11. Pursuant to section 8.2 of the License Agreement, 4200 Rose Hospitality agreed to "reimburse the Indemnitee for all costs of defending the matter, including reasonable attorneys' fees, incurred by the Indemnitee if your insurer or you do not assume defense of the Indemnitee promptly when requested, or separate counsel is appropriate, in our discretion, because of actual or potential conflicts of interest."

12. The definition of "Indemnitees" in Appendix A of the License Agreement encompasses WHG, the immediate parent company of DIW, and WHR the ultimate parent company of DIW.

13. Pursuant to section 17.4 of the License Agreement, 4200 Rose Hospitality agreed that "[t]he non-prevailing party will pay all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party to enforce this [License] Agreement or collect amounts owed under this [License] Agreement."

14. In conjunction with the License Agreement, the Guarantors provided DIW with the Guaranty, pursuant to which the Guarantors agreed, among other things, to "immediately make

3

each payment and perform or cause Licensee to perform, each unpaid or unperformed obligation of Licensee under the [License] Agreement."

15. Since 2019, nine individual plaintiffs, proceeding by pseudonym, have filed separate actions that include DIW, WHG, and WHR (among other entities) as defendants alleging that they were the victims of human trafficking at the Facility at various times between 2008 and 2013. Currently, the following cases are pending: (i) *C.A. v. Roosevelt Inn, LLC, et al.*, No. 190303355 (Pa. C.C.P. – Phila. Cnty.); (ii) *B.H. v. Roosevelt Inn LLC, et al.*, No. 190303356 (Pa. C.C.P. – Phila. Cnty.); (iii) *K.R. v. Roosevelt Inn LLC, et al.*, No. 191100552 (Pa. C.C.P. – Phila. Cnty.); (iv) *A.H. v. Roosevelt Inn, LLC, et al.*, No. 200102954 (Pa. C.C.P. – Phila. Cnty.); (v) *T.E. v. 4200 Roosevelt LLC, et al.*, No. 200900994 (Pa. C.C.P. – Phila. Cnty.); (vi) *V.S. v. 4200 Roosevelt LLC, et al.*, No. 200900997 (Pa. C.C.P. – Phila. Cnty.); (vii) *K.C. v. 4200 Roosevelt LLC, et al.*, No. 210101926 (Pa. C.C.P. – Phila. Cnty.); (viii) *D.P. v. Catholic Social Services, et al.*, No. 220401713 (Pa. C.C.P. – Phila. Cnty.); and (xi) *L.E. v. 4200 Roosevelt LLC, et al.*, No. 220500957 (Phila C.C.P. – Phila. Cnty.) (together, the "Actions").

16. None of DIW, WHG, or WHR owned, operated, managed, or exercised (or had authority to exercise) day-to-day control over the Facility at any time during which any of the plaintiffs to the Actions allege that they were the victim of human trafficking, and DIW, WHG, and WHR have denied any liability in all of the Actions.

17. At all times relevant to the Actions, 4200 Rose Hospitality exercised day-to-day control over the management and operation of the Facility.

18. DIW has demanded indemnification from 4200 Rose Hospitality, on behalf of DIW and all Indemnitees, for all fees, costs, and expenses incurred in the Actions. Despite these demands and its contractual obligation under the License Agreement, 4200 Rose Hospitality has

4

failed and refused to reimburse DIW, WHG, and WHR for the fees, costs, or expenses that they have incurred in the Actions.

19. DIW, WHG, and WHR have incurred "Losses and Expenses," including attorneys' fees and costs, in an amount in excess of $2 million in defending against the Actions.

## COUNT I
## (CONTRACTUAL INDEMNIFICATION
## AGAINST 4200 ROSE HOSPITALITY)

20. DIW, WHG, and WHR repeat and reallege the allegations contained in paragraphs 1–19 as if set forth at length herein.

21. Pursuant to sections 8.1 and 8.2 of the License Agreement, 4200 Rose Hospitality is required to indemnify DIW and all Indemnitees for "all Losses and Expenses" incurred in the Actions, including "all costs of defending the matter, including reasonable attorneys' fees. . . ."

22. 4200 Rose Hospitality has failed to indemnify DIW, WHG, or WHR for any "Losses and Expenses" incurred in the Actions or to agree to indemnify DIW, WHG, or WHR for liability, if any, in the Actions in breach of their obligations in the License Agreement.

## COUNT II
## (COMMON LAW/EQUITABLE INDEMNIFICATION
## AGAINST 4200 ROSE HOSPITALITY)

23. DIW, WHG, and WHR repeat and reallege the allegations contained in paragraphs 1–19 as if set forth at length herein.

24. DIW, WHG, and WHR are entitled to recover from 4200 Rose Hospitality for all fees and costs incurred by DIW, WHG, and WHR in the Actions and for any damages that may be awarded to plaintiffs in the Actions that were caused by or resulted from the operation of the Facility.

## COUNT III
## (BREACH OF GUARANTY AGREEMENT BY GUARANTORS)

25. DIW, WHG, and WHR repeat and reallege the allegations contained in paragraphs 1–19 as if set forth at length herein.

26. Pursuant to the Guaranty, the Guarantors, among other things, guaranteed that all obligations under the License Agreement would be punctually paid and performed and that, upon breach of the Agreement, the Guarantors would immediately make each payment and perform or cause 4200 Rose Hospitality to perform each obligation under the License Agreement.

27. Despite their obligation to do so under the Guaranty, the Guarantors have failed to make any payments or to perform or cause 4200 Rose Hospitality to perform the obligations to indemnify and hold DIW, WHG, and WHR harmless.

**WHEREFORE**, based on the foregoing, DIW, WHG, and WHR seek judgment in their favor and against 4200 Rose Hospitality and the Guarantors for (i) contractual and/or equitable indemnification of all losses, expenses, fees, and costs that have been or may be incurred by DIW, WHG, and/or WHR in the Actions, (ii) a declaratory judgment that 4200 Rose Hospitality is obligated to indemnify and hold DIW, WHG, and WHR harmless for any liability that may be incurred in the Actions, and (iii) costs, attorneys' fees, interest, and such other relief as the Court deems just and appropriate.

Dated:  August 5, 2022  /s/ *David S. Sager*
David S. Sager
**DLA PIPER LLP (US)**
51 John F. Kennedy Parkway - Suite 120
Short Hills, New Jersey 07078
Tel.: (973) 520-2570
david.sager@us.dlapiper.com
*Attorneys for Plaintiffs*
*Days Inns Worldwide, Inc.,*
*Wyndham Hotel Group, LLC, and*
*Wyndham Hotels & Resorts, Inc.*

**CERTIFICATION PURSUANT TO L. CIV. R. 11.2**

I certify that, to the best of my knowledge, this matter is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding except: (i) *C.A. v. Roosevelt Inn, LLC, et al.*, No. 190303355 (Pa. C.C.P. – Phila. Cnty.); (ii) *B.H. v. Roosevelt Inn LLC, et al.*, No. 190303356 (Pa. C.C.P. – Phila. Cnty.); (iii) *K.R. v. Roosevelt Inn LLC, et al.*, No. 191100552 (Pa. C.C.P. – Phila. Cnty.); (iv) *A.H. v. Roosevelt Inn, LLC, et al.*, No. 200102954 (Pa. C.C.P. – Phila. Cnty.); (v) *T.E. v. 4200 Roosevelt LLC, et al.*, No. 200900994 (Pa. C.C.P. – Phila. Cnty.); (vi) *V.S. v. 4200 Roosevelt LLC, et al.*, No. 200900997 (Pa. C.C.P. – Phila. Cnty.); (vii) *K.C. v. 4200 Roosevelt LLC, et al.*, No. 210101926 (Pa. C.C.P. – Phila. Cnty.); (viii) *D.P. v. Catholic Social Services, et al.*, No. 220401713 (Pa. C.C.P. – Phila. Cnty.); and (xi) *L.E. v. 4200 Roosevelt LLC, et al.*, No. 220500957 (Phila C.C.P. – Phila. Cnty.).


Dated: August 5, 2022                             /s/ *David S. Sager*
                                                                  David S. Sager