# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DAYS INNS WORLDWIDE, INC., WYNDHAM HOTEL GROUP, LLC, and WYNDHAM HOTELS & RESORTS, INC., | CASE NO. 2:22-cv-04822-BRM-CLW |
| Plaintiffs, | |
| v. | |
| 4200 ROSE HOSPITALITY LLC, INDRA PATEL, AND JYOTI PATEL, | **ANSWER TO AMENDED COMPLAINT** |
| Defendants. | |

Defendants 4200 Rose Hospitality LLC ("4200 Rose Hospitality"), Indra Patel ("Mr. Patel") and Jyoti Patel ("Ms. Patel") (collectively, "Answering Defendants") hereby submit their Answer with Affirmative Defenses to Plaintiffs' Amended Complaint, as follows:

## THE PARTIES

1.  Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment contained in this paragraph. Accordingly, they are denied.

2.  Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment contained in this paragraph. Accordingly, they are denied.

3.  Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment contained in this paragraph. Accordingly, they are denied.

4. Admitted.

## JURISDICTION AND VENUE

5. Denied as stated. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. By way of further response, after reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the averments regarding Plaintiffs' citizenships, and therefore those averments are denied. Answering Defendants further deny that "the amount in controversy in this matter, exclusive of interest and costs, exceeds the sum of $75,000" as alleged.

6. Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. By way of further response, the License Agreement referenced in this paragraph is a legal document that speaks for itself, and Answering Defendants deny any characterization of it by Plaintiffs.

7. Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. By way of further response, the Guaranty and the License Agreement referenced in this paragraph are legal documents that speak for themselves, and Answering Defendants deny any characterization of them by Plaintiffs.

8. Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. By way of further response, the License Agreement referenced in this paragraph is a legal document that speaks for itself, and Answering Defendants deny any characterization of it by Plaintiffs.

## ALLEGATIONS COMMON TO ALL COUNTS

9. Admitted in part; denied in part. It is admitted that, for a certain and finite period, 4200 Rose Hospitality operated the Days Inn located at 4200 Roosevelt Boulevard, Philadelphia, PA 19124 (the "Facility"). The remainder of the averments contained in this paragraph are denied. By way of further response, the License Agreement referred to in this paragraph of Plaintiffs' Amended Complaint is a writing that speaks for itself, and any characterizations or representations thereof are denied.

10. Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. By way of further response, the License Agreement is a writing that speaks for itself, and any characterizations or representations thereof are denied.

11. Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. By way of further response, the License Agreement is a writing that speaks for itself, and any characterizations or representations thereof are denied.

12. Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. By way of further response, the License Agreement is a writing that speaks for itself, and any characterizations or representations thereof are denied.

13. Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. By way of further response, the License Agreement is a writing that speaks for itself, and any characterizations or representations thereof are denied.

14. Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. By way of further response, the License Agreement

and the Guaranty referenced in this paragraph of plaintiffs' Amended Complaint are writings that speak for themselves, and any characterizations or representations thereof are denied.

15. Admitted in part; denied in part. It is admitted that the nine individual plaintiffs referenced in this paragraph of plaintiffs' Amended Complaint filed separate state court actions in Philadelphia County, Pennsylvania, that include Days Inn Worldwide, Inc., Wyndham Hotel Group, LLC, and Wyndham Hotels & Resorts, Inc. as named defendants. It is specifically denied that the following cases are pending: i) *C.A. v. Roosevelt Inn*, *LLC et al.*, No. 190303355 (Pa. C.C.P. – Phila. Cnty.); (ii) *B.H. v. Roosevelt Inn LLC et al.*, No. 190303356 (Pa. C.C.P. – Phila. Cnty.); (iii) *K.R. v. Roosevelt Inn LLC et al.*, No. 191100552 (Pa. C.C.P. – Phila. Cnty.); (iv) *T.E. v. 4200 Roosevelt LLC et al.*, No. 200900994 (Pa. C.C.P. – Phila. Cnty.); (v) *V.S. v. 4200 Roosevelt LLC et al.*, No. 200900997 (Pa. C.C.P. – Phila. Cnty.); (vi) *K.C. v. 4200 Roosevelt LLC et al.*, No. 210101926 (Pa. C.C.P. – Phila. Cnty.); (vii) *D.P. v. Catholic Social Services et al.,* No. 220401713 (Pa. C.C.P. – Phila. Cnty.); and (viii) *L.E. v. 4200 Roosevelt LLC et al.,* No. 220500957 (Phila C.C.P. – Phila. Cnty.) (collectively, the "Resolved Actions"). By way of further response, the aforementioned Resolved Actions have settled as to Plaintiffs and Answering Defendants, and Joint Tortfeasor Releases have been executed. Further, the matter *A.H. v. Roosevelt Inn, LLC*, *et al.*, No. 200102954 (Pa. C.C.P. – Phila. Cnty.), remains pending.

16. Admitted in part; denied in part. It is admitted only that Plaintiffs did not own the Facility or the real property on which the Facility is situated, and that Plaintiffs denied the plaintiffs' allegations in the Resolved Actions and in the *A.H.* action. The remaining averments contained in this paragraph are conclusions of law to which no responsive pleading is required, and they are specifically denied.

17. Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required and they are denied.

18. Admitted in part; denied in part. It is admitted only that Plaintiffs have asserted an alleged claim for indemnification from 4200 Rose Hospitality for their alleged fees, costs or expenses incurred in the Resolved Actions. It is specifically denied that Plaintiffs have made an effective demand for indemnification. It is further specifically denied that Answering Defendants breached their contractual obligations under the License Agreement as alleged and Answering Defendants further deny that any act or conduct by them caused any alleged damages to Plaintiffs, the existence and/or extent of which is denied. By way of further response, the License Agreement is a writing that speaks for itself, and any characterizations or representations thereof are denied.

19. Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment contained in this paragraph. Accordingly, Plaintiffs' averments regarding their alleged "Losses and Expenses" contained in this paragraph are specifically denied.

**COUNT I**
**(CONTRACTUAL INDEMNIFICATION AGAINST 4200 ROSE HOSPITALITY)**

20. Answering Defendants hereby incorporate its responses to the preceding paragraphs of Plaintiffs' Amended Complaint as though these responses were fully set forth herein at length.

21. Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required and therefore they are denied. It is specifically denied

that Answering Defendants are "required to indemnify" Plaintiffs as alleged. By way of further response, the License Agreement is a writing that speaks for itself, and any characterizations or representations thereof are denied.

22. Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, Answering Defendants specifically deny they breached any contractual obligations under the License Agreement or "failed to indemnify" Plaintiffs as alleged. Answering Defendants further deny that any act or conduct by them caused any alleged damages to Plaintiffs, the existence and extent of which is denied. By way of further response, the License Agreement is a writing that speaks for itself, and any characterizations or representations thereof are denied.

## COUNT II
### (COMMON LAW/EQUITABLE INDEMNIFICATION AGAINST 4200 ROSE HOSPITALITY)

23. Answering Defendants hereby incorporate its responses to the preceding paragraphs of Plaintiffs' Amended Complaint as though these responses were fully set forth herein at length.

24. Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, Answering Defendants specifically deny that they are liable to plaintiffs by way of common-law indemnification or that Plaintiffs are entitled to "recover . . . all fees and costs" from Answering Defendants as alleged. Answering Defendants further deny that any act or conduct by them caused any alleged damages to Plaintiffs, the existence and extent of which is denied.

## COUNT III
## (BREACH OF GUARANTY AGREEMENT BY GUARANTORS)

25. Answering Defendants hereby incorporate its responses to the preceding paragraphs of Plaintiffs' Amended Complaint as though these responses were fully set forth herein at length.

26. Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. By way of further response, the Guaranty Agreement is a writing that speaks for itself, and any characterizations or representations thereof are denied.

27. Denied. The averments contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, Answering Defendants specifically deny they breached any contractual obligations under the Guaranty Agreement as alleged. Answering Defendants further deny that any act or conduct by them caused any alleged damages to Plaintiffs, the existence and extent of which is denied. By way of further response, the Guaranty Agreement is a writing that speaks for itself, and any characterizations or representations thereof are denied.

**WHEREFORE,** defendants, 4200 Rose Hospitality LLC, Indra Patel, and Jyoti Patel hereby demand that Plaintiffs' Amended Complaint be dismissed, with prejudice, or, alternatively, that judgment be entered in their favor, together with their costs of defense, including attorneys' fees, and any other relief deemed appropriate by the Court.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Any damages or losses allegedly sustained by Plaintiffs were caused by their own actions and/or omissions.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims for damages may be barred in whole or in part by Plaintiffs' failure to mitigate their damages.

## FOURTH AFFIRMATIVE DEFENSE

The indemnification clause contained in the License Agreement between Days Inn Worldwide, Inc. and 4200 Rose Hospitality is void and/or unenforceable under the facts and under the laws of the State of New Jersey.

## FIFTH AFFIRMATIVE DEFENSE

The language used by Days Inn Worldwide, Inc. in the indemnification clause in its Licensing Agreement with 4200 Rose Hospitality LLC fails as a matter of law to require indemnification from Answering Defendants in this action.

## SIXTH AFFIRMATIVE DEFENSE

The License Agreement between Days Inn Worldwide, Inc. and 4200 Rose Hospitality is void and/or unenforceable due to lack of adequate consideration under the facts and under the laws of the State of New Jersey.

## SEVENTH AFFIRMATIVE DEFENSE

The License Agreement between Days Inn Worldwide, Inc. and 4200 Rose Hospitality is void and/or unenforceable due to unconscionability under the facts and under the laws of the State of New Jersey.

### EIGHTH AFFIRMATIVE DEFENSE

The License Agreement between Days Inn Worldwide, Inc. and 4200 Rose Hospitality is void and/or unenforceable due to duress under the facts and under the laws of the State of New Jersey.

### NINTH AFFIRMATIVE DEFENSE

4200 Rose Hospitality fulfilled its contractual obligations under the Licensing Agreement.

### TENTH AFFIRMATIVE DEFENSE

4200 Rose Hospitality has not breached the indemnification clause in the License Agreement between Days Inn Worldwide, Inc. and 4200 Rose Hospitality.

### ELEVENTH AFFIRMATIVE DEFENSE

4200 Rose Hospitality has not breached its contractual obligations under the License Agreement.

### TWELTFH AFFIRMATIVE DEFENSE

Answering Defendants are not liable to plaintiffs by way of common-law indemnification.

### THIRTEENTH AFFIRMATIVE DEFENSE

No action, omission and/or work performed by Answering Defendants was the cause of any injuries, damages or losses claimed by the Plaintiffs, the existence and extent of which is denied.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Guaranty Agreement between Days Inn Worldwide, Inc. and Jyoti Patel and Indra Patel is void and/or unenforceable under the facts and under the laws of the State of New Jersey.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Guaranty Agreement between Days Inn Worldwide, Inc. and Jyoti Patel and Indra Patel is void and/or unenforceable due to lack of adequate consideration under the facts and under the laws of the State of New Jersey.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Guaranty Agreement between Days Inn Worldwide, Inc. and Jyoti Patel and Indra Patel is void and/or unenforceable due to unconscionability under the facts and under the laws of the State of New Jersey.

## SEVENTEETH AFFIRMATIVE DEFENSE

The Guaranty Agreement between Days Inn Worldwide, Inc. and Jyoti Patel and Indra Patel is void and/or unenforceable due to duress under the facts and under the laws of the State of New Jersey.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Indra Patel and Jyoti Patel fulfilled their contractual obligations under the Guaranty Agreement.

## NINETEENTH AFFIRMATIVE DEFENSE

Indra Patel and Jyoti Patel did not breach their contractual obligations under the Guaranty Agreement.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred or reduced by the applicable Statute of Limitations.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Any damages or losses allegedly sustained by Plaintiffs were caused by the acts and/or omissions of persons or entities other than Answering Defendants and over whom Answering Defendants exercised no control nor had a duty to control.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Any damages to Plaintiff were caused by a force or forces not under the control of Answering Defendants and for which Answering Defendants were not responsible.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Any damages to Plaintiffs were caused by a condition or conditions not under the control of Answering Defendants and for which Answering Defendants were not responsible.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Answering Defendants and their agents, servants, workmen and employees acted properly and exercised due care in performing any function for which they were legally responsible at all times material hereto.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are not yet ripe.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred or limited by the application of the Comparative Negligence Act in the underlying Resolved Actions and *A.H.* action, which is hereby incorporated by reference as if fully set forth herein at length.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred or limited by reason of the collateral source rule.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of waiver.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred from recovery by doctrine of latches.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred from recovery by the doctrine of estoppel.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred from recovery by the doctrine of unclean hands.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

The doctrine of avoidable consequences may limit or bar Plaintiffs' recovery.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs suffered no compensable damages and/or losses.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to satisfy conditions precedent, subsequent and/or otherwise fulfill their obligations per the terms of the License Agreement, including but not limited to, their failure to negotiate in good faith the instant dispute before commencing litigation as required under the License Agreement and failure to make effective demand for indemnification.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to satisfy conditions precedent, subsequent and/or otherwise fulfill their obligations per the terms of the Guaranty Agreement.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claimed damages are unnecessary, unreasonable, excessive and/or not proportional to their alleged claims for contractual indemnification, common law indemnification, equitable indemnification, and/or breach of contract.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Answering Defendants reserve all rights to add additional affirmative defenses which may be asserted during the course of discovery given discovery in this action is ongoing.

## **DEMAND FOR JURY TRIAL**

Defendants 4200 Rose Hospitality LLC, Indra Patel and Jyoti Patel, hereby demand a trial by a jury of twelve (12) members on all issues, with the Court's permission.

        Respectfully submitted,

BY: */s/Susan Keesler*
Philip D. Priore, Esquire
NJ I.D. No. 002261997
Conrad James Benedetto, Esquire
NJ I.D. No. 0007342011
Susan Keesler, Esquire
NJ I.D. No. 010382012
**MCCORMICK & PRIORE, P.C.**
2 Commerce Square
2001 Market Street, Suite 3810
Philadelphia, PA 19103
(T) 215-972-0161
(F) 215-972-5580
ppriore@mccormickpriore.com
cbenedetto@mccormickpriore.com
skeesler@mccormickpriore.com
Attorneys for Defendants,
4200 Rose Hospitality LLC, Indra Patel
And Jyoti Patel

**POST & SCHELL, P.C.**

*/s/ Jodi S. Wilenzik*
Jodi S. Wilenzik, Esquire
NJ I.D. No. 017242002
Four Penn Center, 13th Floor
1600 John F. Kennedy Blvd.
Philadelphia, PA  19103
Telephone:  215-587-1101
Facsimile:  215-320-4159
Email:  jwilenzik@postschell.com
Attorneys for Defendants,
4200 Rose Hospitality LLC, Indra Patel, and
Jyoti Patel on behalf the A.H. matter

Dated: August 4, 2023

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| DAYS INNS WORLDWIDE, INC., WYNDHAM HOTEL GROUP, LLC, and WYNDHAM HOTELS & RESORTS, INC., | : : : : | CASE NO. 2:22-cv-04822-BRM-CLW |
| Plaintiffs, | : : | |
| v. | : : | |
| 4200 ROSE HOSPITALITY LLC, INDRA PATEL, AND JYOTI PATEL, | : : : | |
| Defendants. | : : | |

**CERTIFICATE OF SERVICE & PROOF OF MAILING**

I hereby certify that on this day the Answer to Amended Complaint was filed electronically and is available for viewing and downloading from the ECF system.  A true and correct copy of the Answer to Amended Complaint was forwarded to counsel identified below via ECF and/or via regular mail to the address below:

David S. Sager
Kristin A. Pacio
DLA PIPER LLP
51 John F. Kennedy Parkway – Site 120
Short Hills, New Jersey  07078
*Attorneys for Plaintiffs*
*Days Inns Worldwide, Inc.*
*Wyndham Hotel Group, LLC, and*
*Wyndham Hotels & Resorts, Inc.*

                        **McCORMICK & PRIORE, P.C.**

                BY:   */s/ Philip D. Priore*
                      Philip D. Priore (ID no. 002261997)
                      Conrad James Benedetto (ID no. 0007342011)
                      301 Carnegie Center Blvd., Suite 101
                      Princeton, NJ  008540

          (T) 609-716-9550
          (F) 609-716-8140
          *Attorneys for Defendants,*
          *4200 Rose Hospitality LLC, Indra Patel,*
          *and Jyoti Patel*
.

Dated: <u>August 4, 2023</u>