IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAYS INN WORLDWIDE, INC., WYNDHAM HOTEL GROUP, LLC, and WYNDHAM HOTELS & RESORTS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>4200 ROSE HOSPITALITY LLC, INDRA PATEL, and JYOTI PATEL,<br><br>Defendants. | CIVIL ACTION<br>2:22-cv-04822-BRM-CLW<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS 4200 ROSE HOSPITALITY LLC, INDRA PATEL AND JYOTI PATEL**<br><br>**ORAL ARGUMENT REQUESTED** |

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendants, 4200 Rose Hospitality LLC ("4200 Rose Hospitality"), Indra Patel ("Mr. Patel") and Jyoti Patel ("Ms. Patel") (collectively, "Defendants"), by and through their undersigned counsel, hereby move for Summary Judgment on the basis that plaintiffs, Days Inn Worldwide, Inc., Wyndham Hotel Group, LLC, and Wyndham Hotels & Resorts, Inc. (collectively, the "Wyndham Plaintiffs"), have failed to produce any evidence as to the reasonableness of their claimed attorneys' fees and costs, and, without such evidence, their claims fail as a matter of law. Therefore, the Wyndham Plaintiffs' claims against Defendants, in their entirety, should be dismissed, with prejudice.

## I.   PROCEDURAL HISTORY

Defendants hereby incorporate their Statement of Facts Not in Dispute as though fully set forth at length herein. By way of further background, the Wyndham Plaintiffs filed their Amended Complaint on August 5, 2022. Fact discovery and expert discovery has been

1

completed. In accordance with the Court's September 23, 2024, Order, and considering the foregoing, summary judgment is now ripe for the Court's consideration.

## II.     FACTUAL BACKGROUND

Defendants hereby incorporate their Statement of Facts Not in Dispute as though fully set forth at length herein.

## III.    STATEMENT OF QUESTIONS INVOLVED

*Question No. 1:* _____ Is there a genuine issue of material fact as to whether the indemnification provision in the License Agreement enforceable?

*Suggested Answer:* _No.

*Question No. 2:* _____ If the indemnification provision in the License Agreement is found to be enforceable, is there a genuine issue of material fact as to whether the Wyndham Plaintiffs are able to establish that their claimed fees are reasonable such that it requires submission to a jury or trier of fact?

*Suggested Answer:* _No.

## IV.     LEGAL STANDARD

A motion for summary judgment may be properly granted only when the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); Fed. R. Civ. P. 56. Ultimately, the moving party bears the burden of showing that there is an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 324. Once the movant adequately supports its motion pursuant to Rule 56(c), the burden shifts to the nonmoving party to go beyond the mere pleadings and present evidence through affidavits, depositions, or

admissions on file to show that there is a genuine issue for trial. *Id.* at 324. A genuine issue is one in which the evidence permits a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it might affect the outcome of the suit. *Anderson*, 477 U.S. at 248.

When deciding a motion for summary judgment, this Court must draw all reasonable inferences in the light most favorable to the non-movant. *Big Apple BMW, Inc. v. BMW of North America*, Inc., 974 F.2d 1358, 1363 (3d Cir. 1992), cert. denied, 507 U.S. 912 (1993). A court may not consider the credibility or weight of the evidence in deciding a motion for summary judgment, even if the quantity of the moving party's evidence far outweighs that of its opponent. *Id.* The court's inquiry, at the summary judgment stage, considers whether the evidence presents a sufficient disagreement to require submission to a jury or is so one-sided that one party must prevail as a matter of law. *Anderson*, 477 U.S. at 250-52.

**V.      ARGUMENT**

    **A.      The Indemnification Provision Contained in the License Agreement Is Ambiguous and the License Agreement Itself Is Vague and Thus It Is Unenforceable against Defendants**

In this action, the Wyndham Plaintiffs allege that Defendants breached their obligations pursuant to the License Agreement between 4200 Rose Hospitality and Days Inns Worldwide, Inc., and that Mr. and Mrs. Patel breached the Guaranty entered into with Days Inns Worldwide, Inc., by failing to indemnify the Wyndham Plaintiffs from losses and expenses the Wyndham Plaintiffs allegedly accrued during the defense of the Underlying Actions. This alleged "breach" thereby allegedly "forced" the Wyndham Plaintiffs to seek indemnification and reimbursement from Defendants for the Wyndham Plaintiffs' attorneys' fees and costs incurred in the defense of the Eight Underlying Actions, in an amount in excess of $5,000,000.00. The Wyndham Plaintiffs

rely on sections 8.1 and 8.2 of the License Agreement, and additionally seek attorneys' fees and costs to enforce this License Agreement pursuant to Section 17.4 of the License Agreement. See Statement of Facts Not in Dispute ¶ 1 – 9, 13, 14.

Importantly, however, section 8.2 of the License Agreement, which incorporates section 8.1 of the License Agreement, states that Defendants "will reimburse the Indemnitee [the Wyndham Plaintiffs] for all costs of defending the matter, including ***reasonable*** **attorneys' fees**, incurred by Indemnitee if your insurer or you do not assume defense of the Indemnitee promptly when requested . . . ." (emphasis added).Statement of Facts Not in Dispute ¶ 5; see also **Exhibit A** (**emphasis added**). *Nowhere* in the agreement is "reasonable attorneys' fees" defined. Id. Further, it is not defined in Appendix A to the License Agreement, which defines numerous terms contained within the License Agreement. See **Exhibit A**.

### 1. *The Indemnity Provision is Ambiguous*

The indemnity provision, as a contractual term, is ambiguous and therefore unenforceable. As it is undisputed that the License Agreement is a contract, it is subject to traditional and undisputed rules of contract and contractual interpretation. See Elliott–Marine v. Campenella, 797 A.2d 201 (N.J. Super. Ct. App. Div. 2002), certif. denied, 807 A.2d 196 (N.J. 2002). If the terms of a contract are clear, they are to be enforced as written. See County of Morris v. Fauver, 707 A.2d 958 (N.J. 1998). On the other hand, ambiguous contract terms are generally construed against the drafter of the contract seeking enforcement. See Malick v. Seaview Lincoln Mercury, 940 A. 2d 1221 (N.J. Super. Ct. App. Div. 2008). Whether a term is clear or ambiguous is a question of law. See Kaufman v. Provident Life and Cas. Ins. Co., 828 F. Supp. 275, 282 (D.N.J.1992), aff'd, 993 F.2d 877 (3d Cir.1993).

Here, the Wyndham Plaintiffs were the drafters of the License Agreement. See Statement of Facts Not in Dispute ¶ 3. They failed to define "reasonable attorneys' fees" anywhere in the License Agreement. Id. As discussed further infra, this failure to define what "reasonable attorneys' fees" are is fatal to their claim, as the ability to have multiple interpretations of such an undefined and material term creates a material and fatal ambiguity in the indemnity provision itself. Kaufman, 828 F. Supp. at 283. There is no explanation or understanding of what is considered "reasonable" ex ante to the execution of the License Agreement and Defendants' agreeing to be bound by the indemnity provision and, thus, the indemnification provision, section 8.1 and 8.2, should be construed against the drafter, the Wyndham Plaintiffs, and unenforceable against the Defendants.

### 2. The Indemnity Provision is Vague

Further, the License Agreement itself is unenforceable for due to its vagueness. Its essential terms, the indemnification provision, are too indefinite, as "reasonable attorneys' fees" is not defined. See Agere Systems, Inc. v. Advanced Environmental Technology Corp., 552 F. Supp. 2d 515, 525 (E.D. Pa. 2008) (finding that an indemnification provision is an essential term where it has the potential of subject a party to enormous liability). "A contract . . . is unenforceable for vagueness when its essential terms are too indefinite to allow a court to determine with reasonable certainty what each party has promised to do." Baer v. Chase, 392 F.3d 609, 619 (3d. Cir. 2004). "To be enforceable as a contractual undertaking, an agreement must be sufficiently definite in its terms that the performance to be rendered by each party can be ascertained with reasonable certainty." Weicher Vo. Realtors v. Ryan, 608 A.2d 280, 284 (N.J. 1992).

Here, there is no evidence that the Wyndham Plaintiffs and Defendants specified a practicable method or calculation prior to the execution of the License Agreement by which to determine what constitutes "reasonable attorneys' fees," and, therefore, in the absence of agreement as to the manner or method of determining "reasonable attorneys' fees, the License Agreement is invalid. See Baer, 392 F.3d at 619 (finding that in an the absence of an agreement between the parties of a manner or method of determining the price term, i.e., the amount of compensation, the purported agreement is invalid). As a result, due to the vagueness of the term "reasonable attorneys' fees," Defendants could not have ascertained or appreciated with reasonable certainty the extent of their performance in reimbursing the Wyndham Plaintiffs their "reasonable attorneys' fees," because "reasonable attorneys' fees" is not defined in the License Agreement. See Statement of Facts Not in Dispute ¶¶ 5, 36. There is no evidence produced by the Wyndham Plaintiffs that they defined, valued, or explained what "reasonable attorneys' fees" would be to Mr. and Mrs. Patel at any time before, during, or after the execution of the License Agreement. Id. Further, there is no evidence that the Wyndham Plaintiffs communicated to Defendants that they would be using DLA Piper at the rates charged to defend themselves in any anticipated actions and/or the Underlying Actions, or communicated DLA Piper's rates, or the fee agreement between the Wyndham Plaintiffs and Liberty Mutual, whereby Liberty Mutual only agreed to pay a certain amount of fees charged by DLA Piper and that the Wyndham Plaintiffs would cover the "delta" above and beyond what Liberty Mutual agreed. See Statement of Facts Not in Dispute ¶¶ 5, 21, 36. Defendants certainly could not have ascertained that they would be "on the hook" to pay the Wyndham Plaintiffs for their counsel of their choosing, at the rates of their choosing, some of which who charged $950.00 per hour to the Wyndham Plaintiffs, and despite Defendants not being consulted and despite the Wyndham plaintiffs not even

adhering to Wyndham's own Terms and Conditions. See Statement of Facts Not in Dispute ¶¶ 19-25.

### 3. *Claims for Reasonable Attorneys' Fees under Section 17.4 Are Also Ambiguous and Vague*

Likewise, the "reasonable attorneys' fees" referenced in section 17.4 of the License Agreement are equally not defined in any way in the License Agreement. By the same argument above, any claims for "reasonable attorneys' fees" by the Wyndham Plaintiffs for prosecution of this Indemnity Action pursuant to section 17.4 is vague and/or enforceable, rendering this provision unenforceable against Defendants.

It is clear that, while Defendants may have owed indemnity under a certain set of circumstances to the Wyndham Plaintiffs pursuant to the License Agreement, given that "reasonable attorneys' fees" is ambiguous and vague in the indemnity provision and section 17.4, the License Agreement is not enforceable against the Defendants to the extent regarding the Wyndham Plaintiffs' claims here as to indemnification of "***reasonable*** attorneys' fees and costs," and the Wyndham Plaintiffs claims for indemnification fail as a matter of law. Therefore, the Wyndham Plaintiffs' claims against Defendants should be dismissed, with prejudice.

### B. **If This Court Were to Find That the Indemnification Provision is Enforceable, the Wyndham Plaintiffs Have Failed to Produce Any Evidence that Their Fees Are Reasonable**

If this Court were to find that the indemnification provision in the License Agreement is enforceable, however, the Wyndham Plaintiffs have failed to produce any evidence that their fees are "reasonable." The "reasonableness" of attorneys' fees depends on the circumstances of each case. Gromack v. Johns-Manville Products Corp., 147 N.J. Super. 131, 137 (App. Div. 1977); see also Choinski v. Dendrite Intern, 2009 WL 7851739 (N.J. Super., Law Division June 2, 2009) (finding that the court is not required to award, dollar for dollar, the legal fees and costs

7

sought by counsel, thereby awarding $25,000.00 in legal fees and $500.00 in costs despite plaintiff seeking reimbursement for $31,447.50 in attorneys' fees and $580.95 in costs in an indemnification action). It is a plaintiff's "burden of demonstrating to the compensation judge the extent of his efforts, including the time actually spent in rendering services, as well as the extent of his expertise and experience in the particular [legal] field involved and any other factor which he deems relevant to the valuation of his services; and such proofs should be by affidavit or other testimony related to the issue." Id. at 136.

New Jersey's Rule of Professional Conduct ("RPC") 1.5.(a) requires that a "a lawyer's fees shall be reasonable" in all cases. See RPC 1.5(a); see also Furst v. Einstein Mooomjy, Inc., 800 A.2d 435,447 (N.J. 2004) (concluding the RPC 1.5(a)'s reasonableness standard applies to "all cases, not just fee-shifting cases"). When ascertaining the dollar amount of an attorneys' fee award, the New Jersey Supreme Court applies "the same test for reasonable attorneys' fees in contract cases that we use in other attorneys' fee cases in New Jersey." Litton Industries, Inc. v. IMO Industries, Inc., 982 A.2d 420, 428 (N.J. 2009). To determine the amount of the award, the "lodestar" needs to be calculated, which is that number of hours reasonably expended by the successful party's counsel in the litigation, multiplied by a reasonable hourly rate. Furst, 800 A.2d at 447. Because New Jersey's RPC applies to all cases, the New Jersey Supreme Court directs courts to consider the following factors, derived from RPC 1.5(a), in determining the amount of an attorneys' fee award:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

8

    (3) the fee customarily charge in the locality for similar legal services;

    (4) the amount involved and the results obtained;

    (5) the time limitations imposed by the client or by the circumstances;

    (6) the nature and length of the professional relationship with the client;

    (7) the experience, reputation, and ability of the lawyer or lawyers performing the services;

    (8) whether the fee is fixed or contingent.

See Hunt. Const. Group, Inc. v. Hun School of Princeton, 2012 WL 113606 (D.N.J. January 13, 2012); see also RPC 1.5(a).

    "The reasonableness of the hours expended by counsel are evaluated by assessing whether they are equivalent to the time competent counsel reasonably would have expended to achieve a comparable result.'" Hunt. Const. Group, 2012 WL 113606, at *5. Accordingly, excessive or unnecessary hours spent on the case are not compensable. Id. Regarding the hourly rate, the reasonableness of the prevailing counsel rates proposed must be evaluated in comparison to rates "for similar services by lawyers of reasonably comparable skill, experience, and reputation in the community." Furst, 800 A.2d at 447. While expert testimony is not required to establish the reasonableness of an attorneys' fees award, court often determine such awards on the basis of affidavits without a hearing. See Lindy Bros. Builders, Inc. of Phila. v. American Radiator & Standard Sanity Corp., 486 F.2d 161,169 (3d. Circ. 1973). This "lodestar" analysis is then applied to the amounts of the fees and costs that were charged to the Wyndham Plaintiffs that are in compliance with the billing terms set forth in the Wyndham Terms and Conditions.

    It is patently clear that there is insufficient evidence that would necessitate the submission of the Wyndham Plaintiffs' claims for indemnification to a jury. Evidence that

9

"Wyndham" paid the invoices submitted by DLA Piper neither de facto makes DLA Piper's rates or fees "reasonable" under the law nor does it entitle the Wyndham Plaintiffs to receive from Defendants, dollar-for-dollar, the amount paid to DLA Piper for its legal services. See Statement of Facts Not in Dispute ¶ 26. Mr. Banks' testimony is also not "evidence" that the invoices were reviewed and seemed "reasonable," where he failed to describe any criteria for reasonableness of the tasks performed or amount of time spent on each task. Id. at ¶¶ 27, 31. "Wyndham's" hasty review of the invoices for compliance with "Wyndham's" **Terms and Conditions** (not guidelines) and/or Liberty Mutual's guidelines, which did not include a line-by-line comparison for compliance with the guidelines, also does not make DLA's Piper's rates or fees "reasonable" under the law. Id. at ¶ 29. There is no evidence, or insufficient evidence, at best, that the Wyndham Plaintiffs, in fact, complied with Wyndham's Terms and Conditions, and the Wyndham Plaintiffs cannot obtain indemnity for an amount they were not required to pay under their own Terms and Conditions of its engagement or that the fees were even authorized under Wyndham's Terms and Conditions. There is no evidence that the Wyndham Plaintiffs evaluated the invoices by aggregating and ordering the time entries chronologically or reviewed them for reasonableness "in the legal sense." Id. at ¶¶ 28.

In fact, the Wyndham Plaintiffs have failed to put forth any evidence, or, at a minimum, sufficient evidence, that the attorneys' fees and costs incurred in defending the Eight Underlying Actions were "reasonable" under the law. The Wyndham Plaintiffs did not produce (1) any affirmative expert report to establish the reasonableness of their fees; (2) any affidavits regarding the experience, reputation, and ability of the DLA Piper attorneys who performed work and billed time on the Eighty Underlying Actions, or regarding any calculations of their claimed fees or rates; or (3) any evidence to establish that the fees and costs incurred by their counsel were

10

reasonable in the geographical locality of Philadelphia, Pennsylvania, for similar legal services rendered. Id. at ¶¶ 33-35. The Wyndham Plaintiffs did not produce any evidence, or, at a minimum, sufficient evidence, to support their claims against Defendants contained in the Complaint in this Indemnity Action, thus failing to meet their burden, and, therefore, their claims fail as a matter of law and should be dismissed against Defendants, with prejudice.

### C. The Insufficient Evidence Produced by the Wyndham Plaintiffs Necessitates an Expert's Opinion to Aid the Jury or Fact Finder

Reasonableness is a fact issue for the fact finder. Defendants have requested a jury to determine this declaratory judgment claim, which is for alleged damages stemming from attorneys' fees and costs allegedly owed to the Wyndham Plaintiffs, not equitable performance. Thus, whether the Wyndham Plaintiffs' claimed fees, which must be reasonable according to their own terms contained in the indemnity provision they drafted, is the jury's purview to determine.

However, the Wyndham Plaintiffs have failed to meet their burden and produced insufficient evidence to aid the jury in determining the validity of their claims. In addition to no affidavits or calculations, the Wyndham Plaintiffs did not produce an affirmative expert report. See Statement of Facts Not in Dispute ¶¶ 33, 34. An expert is required where "technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue . . . ." F.R.E. 702; In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 741 (3d Cir. 1994). Expert opinion testimony is intended to assist the trier-of-fact in making factual determinations in areas that are normally outside the sphere of general common knowledge and beyond the average juror's understanding. Curtis v. Besam Grp., No. 05-CV-2807 (DMC), 2008 WL 1732958, at *7 (D.N.J. Apr. 10, 2008). Here, not only are the calculations of the fees and costs accrued outside of sphere of general common knowledge, but what are actually "reasonable fees"

11

as understood by the Defendants, in Philadelphia, Pennsylvania, in the litigation of the Underlying Actions, involving claims of alleged sex trafficking that, in fact, turn on principles of premises liability, agency, and *respondeat superior*, certainly require **someone** to explain the evidence and assist the jury. This information is clearly outside the sphere of a general common knowledge of a layperson and beyond an average juror's understanding. Thus, the Wyndham Plaintiffs failure to produce an affirmative expert report, or any evidence to assist a jury in determining what may be considered "reasonable attorneys' fees," doom their claims as a matter of law and, therefore, this Indemnity Action should be dismissed against Defendants, with prejudice, on this basis.

## VI.  CONCLUSION

For the foregoing reasons, Defendants respectfully request that summary judgment be entered in their favor, and the Wyndham Plaintiffs' claims against them be dismissed, with prejudice. Where the indemnification provision of the License Agreement is unenforceable due to ambiguity and/or vagueness of terms, and where the Wyndham Plaintiffs have failed to produce any evidence as to the reasonableness of their claimed fees, the Wyndham Plaintiffs' claims fail as a matter of law and should be dismissed against Defendants, with prejudice.

Respectfully submitted,

By: /s/ Conrad James Benedetto
**McCORMICK & PRIORE, P.C.**
Philip D. Priore, Esquire
NJ I.D. No. 002261997
Conrad James Benedetto, Esquire
NJ I.D. No. 0007342011
Susan Keesler, Esquire
NJ I.D. No. 010382012
2001 Market Street, Suite 3810
Philadelphia, PA 19103
(T) 215-972-0161
(F) 215-972-5580

        email: ppriore@mccormickpriore.com
           cbenedetto@mccormickpriore.com
           skeesler@mccormickpriore.com
*Attorneys for Defendants*
*4200 Rose Hospitality LLC, Indra Patel*
*and Jyoti Patel*

Date: <u>January 17, 2025</u>