# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAYS INNS WORLDWIDE, INC., WYNDHAM HOTEL GROUP, LLC, and WYNDHAM HOTELS & RESORTS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> 4200 ROSE HOSPITALITY LLC, INDRA PATEL, and JYOTI PATEL, <br><br> Defendants. | Civil Action No.: 2:22-cv-04822-BRM-CLW <br><br> Motion Day: February 18, 2025 <br> (Oral Argument Requested) <br><br> ***Document Electronically Filed*** |

**PLAINTIFFS DAYS INNS WORLDWIDE, INC., WYNDHAM HOTEL GROUP, LLC, AND WYNDHAM HOTELS & RESORTS, INC.'S MEMORANDUM IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT**

**DLA PIPER LLP (US)**
David S. Sager, Esq.
51 John F. Kennedy Parkway, Suite 120
Short Hills, New Jersey 07078-2704
david.sager@us.dlapiper.com

Nathan P. Heller, Esq.
One Liberty Place
1650 Market Street, Suite 5000
Philadelphia, Pennsylvania 19103-7300
nathan.heller@us.dlapiper.com

*Attorneys for Plaintiffs*
*Days Inns Worldwide, Inc.,*
*Wyndham Hotel Group, LLC,*
*and Wyndham Hotels & Resorts, Inc.*

# **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ........................................................................................1

UNDISPUTED FACTUAL BACKGROUND ....................................................................2

LEGAL STANDARD ..........................................................................................................5

ARGUMENT .......................................................................................................................5

    I.    There Is No Dispute that the License Agreement Requires 4200 Rose Hospitality to Indemnify the Wyndham Plaintiffs in the Underlying Actions. ...................................................................................................................5

    II.    There is No Dispute that Defendants Indra Patel and Jyoti Patel Breached Their Obligations Under the Guaranty. ....................................................................8

    III.    The Wyndham Plaintiffs Are Entitled to Recover Both Interest on the Reasonable Attorneys' Fees and Costs Incurred in Defending the Underlying Actions and Their Reasonable Attorneys' Fees Incurred Enforcing the License Agreement. ..........................................................................8

RELIEF REQUESTED .........................................................................................................9

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986)................................................................................................................5

*Centennial Ins. Co. v. Horizon Contracting Co., L.L.C*,
   No. 05-3917 (KSH), 2008 WL 4791657 (D.N.J. Oct. 31, 2008)..............................................7

*Cnty. of Morris v. Fauver*,
   707 A.2d 958 (N.J. 1998).........................................................................................................7

*Fallon Elec. Co., Inc. v. Cincinnati Ins. Co.*,
   121 F.3d 125 (3d Cir. 1997).....................................................................................................7

*Guar. Co. of N. Am. USA v. SBN Enters. Inc.*,
   No. 09-5399 (JAP), 2011 WL 3205318 (D.N.J. July 27, 2011) ...............................................6

*IFC Interconsult, AG v. Safeguard Int'l Partners, LLC*,
   438 F.3d 298, 317 (3d Cir. 2006)) ...........................................................................................7

*Jackson Hewitt, Inc. v. Barnes Enters.*,
   No. 10-cv-05108 (DMC) (JAD), 2012 WL 1600572 (D.N.J. May 7, 2012)............................9

*Kaucher v. Cnty. of Bucks*,
   455 F.3d 418 (3d Cir. 2006).....................................................................................................5

*Liberty Mut. Ins. Co. v. Yip*,
   No. 20-03641 (SDW) (AME), 2022 WL 1751297 (D.N.J. Dec. 19, 2022).............................7

*Ramada Worldwide Inc. v. Courtney Hotels USA, LLC*,
   No. 11-896(WHW), 2012 WL 924385 (D.N.J. Mar. 19, 2012) ..............................................9

*Red Roof Franchising, LLC v. Patel*,
   877 F. Supp. 2d 124 (D.N.J. 2012) .........................................................................................9

*Rhodes v. Marix Servicing, LLC*,
   302 F. Supp. 3d 656 (D.N.J. 2018) .........................................................................................5

*Rich v. State of New Jersey*,
   294 F. Supp. 3d 266 (D.N.J. 2018) .........................................................................................5

*Travelodge Hotels, Inc. v. Durga, LLC*,
   No. 15-8412 (CCC), 2024 WL 4345051 (D.N.J. Sept. 30, 2024) ...........................................8

*U.S. Fidelity & Guar. Co. v. Feibus*,
    15 F. Supp. 2d 579 (E.D. Pa. 1998), *aff'd*, 185 F.3d 864 (3d Cir. 1999)................................6, 7

**Other Authorities**

Fed. R. Civ. P. 56................................................................................................................1, 5

L. Civ. R. 56.1............................................................................................................................1

Pursuant to Federal Rule of Civil Procedure 56, Local Civil Rule 56.1, and the Court's September 23, 2024 Stipulation and Order (ECF No. 62), Plaintiffs Days Inns Worldwide, Inc. ("DIW"), Wyndham Hotel Group, LLC ("WHG"), and Wyndham Hotels & Resorts, Inc. ("WHR" and, collectively, the "Wyndham Plaintiffs"), by and through their undersigned counsel, submit the following memorandum in support of their Motion for Partial Summary Judgment against Defendants 4200 Rose Hospitality LLC ("4200 Rose Hospitality"), Indra Patel, and Jyoti Patel (collectively, "Defendants").

**PRELIMINARY STATEMENT**

This dispute arises from Defendants' breach of their contractual obligation to indemnify the Wyndham Plaintiffs for eight lawsuits arising from 4200 Rose Hospitality's operation of an independently owned and operated franchised Days Inn® guest lodging facility located at 4200 Roosevelt Boulevard, Philadelphia, Pennsylvania (the "Facility"). DIW and 4200 Rose Hospitality LLC entered into a License Agreement dated April 23, 2008 (the "License Agreement") that permitted 4200 Rose Hospitality to operate the Facility as a Days Inn®, and the individual Defendants, Indra Patel and Jyoti Patel, guaranteed 4200 Rose Hospitality's obligations (the "Guaranty"). The License Agreement makes clear that 4200 Rose Hospitality, not DIW, would exercise full and complete control over and have full responsibility for the operation of the Facility. The License Agreement further required 4200 Rose Hospitality to obtain insurance and to indemnify and hold the Wyndham Plaintiffs harmless for any legal action relating to or arising out of the operation of the Facility. In this action, the Wyndham Plaintiffs seek to recover attorneys' fees and costs incurred in defending lawsuits filed by eight individual plaintiffs alleging that they were the victims of human trafficking at the Facility at various times between 2009 and 2013. Despite their obligations, Defendants refused to indemnify the Wyndham Plaintiffs, and Defendants' insurance carrier refused to provide coverage, leaving the Wyndham Plaintiffs to

1

defend each of the actions at their own expense. In March 2023, after years of litigation, the insurer for 4200 Rose Hospitality settled the cases for a total of $24 million.

In this motion, the Wyndham Plaintiffs seek partial summary judgment as to Defendants' liability under the License Agreement and the Guaranty for (1) the Wyndham Plaintiffs' reasonable attorneys' fees and costs in defending the eight cases in accordance with section 8.1 of the License Agreement, (2) contractual interest on that amount in accordance with section 7.3 of the License Agreement, and (3) the Wyndham Plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting this action in accordance with section 17.4 of the License Agreement.

## UNDISPUTED FACTUAL BACKGROUND

DIW and 4200 Rose Hospitality entered into the License Agreement for 4200 Rose Hospitality's operation of a 116-room Days Inn® guest lodging facility located at 4200 Roosevelt Boulevard, Philadelphia, Pennsylvania. Statement of Undisputed Material Facts ("SMF") ¶ 7. The License Agreement is governed by and construed under the laws of New Jersey and, both, DIW and 4200 Rose Hospitality expressly waived their right to a jury trial as to any dispute relating to the agreement. SMF ¶ 7, Exs. 1 & 2 § 17.6.4.

Pursuant to the License Agreement, 4200 Rose Hospitality agreed to indemnify, defend, and hold harmless DIW and all "Indemnitees," which include DIW's "direct and indirect parent, subsidiary, and sister corporations" from and against "all Losses and Expenses, incurred by any Indemnitee for any investigation, claim, action, suit, demand, administrative or alternative dispute resolution proceeding, relating to or arising out of any transaction, occurrence or service at, or involving the operation of, the Facility." SMF ¶¶ 12-13, Exs. 1 & 2 § 8.1, Appendix A. To meet its indemnity obligation, 4200 Rose Hospitality was required to "respond promptly" to actions related to activity occurring at, or related to operation of, the Facility, "defend the Indemnitee" and/or "reimburse the Indemnitee for all costs of defending the matter, including reasonable

2

attorneys' fees, incurred by the Indemnitee if [4200 Rose Hospitality's] insurer or [4200 Rose Hospitality] do[es] not assume defense of the Indemnitee promptly when requested, or separate counsel is appropriate, in [DIW's] discretion, because of actual or potential conflicts of interest." SMF ¶ 12, Exs. 1 & 2 § 8.2.

In conjunction with entering into the License Agreement, Defendants Indra Patel and Jyoti Patel individually executed the Guaranty of 4200 Rose Hospitality's obligations under the License Agreement, *i.e.*, ensuring that all "obligations under the [License] Agreement, including any amendments, [would] be punctually paid and performed," and, if 4200 Rose Hospitality defaulted under the License Agreement, that they would "immediately make each payment and perform or cause [4200 Rose Hospitality] to perform each unpaid or unperformed obligation of [4200 Rose Hospitality] under the Agreement." SMF ¶ 8, Exs. 1 & 2 at 36.

Between 2019 and the end of 2022, eight individual plaintiffs, proceeding by pseudonym, filed separate actions that included one or more of the Wyndham Plaintiffs, as well as 4200 Rose Hospitality, as defendants. SMF ¶ 15. Each of the plaintiffs alleged that they were the victims of human trafficking at the Facility at various times between 2009 and 2013: (i) *C.A. v. Roosevelt Inn, LLC, et al.*, No. 190303355 (Pa. C.C.P. – Phila. Cnty.); (ii) *B.H. v. Roosevelt Inn LLC, et al.*, No. 190303356 (Pa. C.C.P. – Phila. Cnty.); (iii) *K.R. v. Roosevelt Inn LLC, et al.*, No. 191100552 (Pa. C.C.P. – Phila. Cnty.); (iv) *T.E. v. 4200 Roosevelt LLC, et al.*, No. 200900994 (Pa. C.C.P. – Phila. Cnty.); (v) *V.S. v. 4200 Roosevelt LLC, et al.*, No. 200900997 (Pa. C.C.P. – Phila. Cnty.); (vi) *K.C. v. 4200 Roosevelt LLC, et al.*, No. 210101926 (Pa. C.C.P. – Phila. Cnty.); (vii) *D.P. v. Catholic Social Services, et al.*, No. 220401713 (Pa. C.C.P. – Phila. Cnty.); (viii) *L.E. v. 4200 Roosevelt LLC, et al.*, No. 220500957 (Phila C.C.P. – Phila. Cnty.) (together, the "Underlying Actions"). SMF ¶¶ 15-16.

3

The plaintiffs in each of the Underlying Actions alleged that they were victims of sex trafficking at hotels in the Philadelphia area, including at the Facility, between 2009 and 2013. SMF ¶ 16. The plaintiffs further alleged that their trafficking was facilitated by Adrian Palmer, whom 4200 Rose Hospitality employed as an overnight security guard at the Facility from 2008 through 2013. SMF ¶¶ 17-18. Palmer was later arrested and convicted for his role in the trafficking that occurred at the Facility. SMF ¶ 19.

Upon being served in each Underlying Action, the Wyndham Plaintiffs notified Defendants of their indemnification obligations under the License Agreement: SMF ¶ 22. The Wyndham Plaintiffs likewise put Defendant's insurer, Erie, on notice of the Underlying Actions and their coverage obligations. SMF ¶ 23. Defendants did not respond to the Wyndham Plaintiffs' demands for indemnification or reimburse the Wyndham Plaintiffs for the cost of those defenses as required by the License Agreement. SMF ¶ 23. In November 2021, the Wyndham Plaintiffs informed Defendants that their refusal to provide indemnification was a default of their obligations under the License Agreement and demanded "full payment of the Incurred Defense Costs" (as defined in the License Agreement). SMF ¶¶ 22, 24. Defendants did not respond, and the Wyndham Plaintiffs commenced this suit on July 29, 2022. In March 2023, after several years of litigation, Erie settled the Underlying Actions for a total of $24 million. SMF ¶¶ 27-33. The settlements were paid by Erie, with a nominal contribution from Defendants, and without any admission of liability by the Wyndham Plaintiffs. SMF ¶¶ 27-33.

**LEGAL STANDARD**

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). "A factual dispute is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party, and it is material only if it has the ability to affect the outcome of the suit under governing law." *Rich v. State of New Jersey*, 294 F. Supp. 3d 266, 273 (D.N.J. 2018) (citing *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006) (internal quotation marks omitted)). "While the moving party bears the initial burden of proving an absence of a genuine dispute of material fact, meeting this obligation shifts the burden to the non-moving party to set forth specific facts showing that there is a genuine [dispute] for trial." *Rhodes v. Marix Servicing, LLC*, 302 F. Supp. 3d 656, 661 (D.N.J. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (internal quotation marks omitted)).

**ARGUMENT**

**I.   There Is No Dispute that the License Agreement Requires 4200 Rose Hospitality to Indemnify the Wyndham Plaintiffs in the Underlying Actions.**

Defendants do not contest that they entered into the License Agreement or Guaranty, nor have they suggested that any of the pertinent language in those documents is ambiguous. The question, therefore, is whether Defendants satisfied their contractual obligations, and there is no dispute they have not.

Defendants agreed to be held liable for what occurred at the Facility during which time they controlled, owned, and operated it. This was made clear in the License Agreement, a material condition of which requires 4200 Rose Hospitality to:

> [I]ndemnify, defend and hold the Indemnitees harmless, to the fullest extent permitted by law, from and against all Losses and Expenses, incurred by any Indemnitee for any investigation, claim, action, suit, demand, administrative or alternative dispute resolution proceeding, relating to or arising out of any

5

>transaction, occurrence or service at, or involving the operation of, the Facility, any payment you make or fail to make to us, any breach or violation of any contract or any law, regulation or ruling by, or any act, error or omission (active or passive) of, you, any party associated or affiliated with you or any of the owners, officers, directors, employees, agents or contractors of you or your affiliates, including when you are alleged or held to be the actual, apparent or ostensible agent of the Indemnitee, or the active or passive negligence of any Indemnitee is alleged or proven.

SMF ¶ 12, Exs. 1 & 2 § 8.1. The parties further agreed that the License Agreement would be governed by New Jersey law and waived their right to a jury trial. SMF ¶ 14, Exs. 1 & 2 § 17.6. The indemnification provision is not ambiguous; indeed, Defendants' position is that "the writing speaks for itself." *See* Answer to Am. Compl. (ECF No. 40) ¶ 6. Likewise, who qualifies for indemnity under this provision is not in dispute. In the License Agreement, an "indemnitee" is defined as DIW, "[its] direct and indirect parent, subsidiary and sister corporations, and the respective officers, directors, shareholders, employees, agents and contractors, and the successors, assigns, personal representatives, heirs and legatees of all such persons or entities." SMF ¶ 13, Exs. 1 & 2, Appendix A. WHR is the ultimate parent of DIW and WHR is the sole member of WHG. SMF ¶ 4. Accordingly, there is no dispute that 4200 Rose Hospitality was contractually required to indemnify the Wyndham Plaintiffs for the attorneys' fees and costs (including interest) they incurred in defending the Underlying Actions, and Defendants' failure to do so is a material breach.

The question of Defendants' liability for indemnification under the License Agreement is ripe for resolution at summary judgment. "[S]ummary judgment is an appropriate method of resolving disputes concerning indemnification agreements." *U.S. Fidelity & Guar. Co. v. Feibus*, 15 F. Supp. 2d 579, 581 (E.D. Pa. 1998), *aff'd*, 185 F.3d 864 (3d Cir. 1999). Indemnification agreements are "[i]nterpreted in accordance with general principles of contract law." *Guar. Co. of N. Am. USA v. SBN Enters. Inc.*, No. 09-5399 (JAP), 2011 WL 3205318, at *2 (D.N.J. July 27,

6

2011) (quoting *IFC Interconsult, AG v. Safeguard Int'l Partners, LLC*, 438 F.3d 298, 317 (3d Cir. 2006)). "[W]here the terms of a contract are clear . . . the court must enforce it as written." *Id.* (quoting *Cnty. of Morris v. Fauver*, 707 A.2d 958, 969 (N.J. 1998)). *See also Liberty Mut. Ins. Co. v. Yip*, No. 20-03641 (SDW) (AME), 2022 WL 1751297, at *5 (D.N.J. Dec. 19, 2022) (requiring the defendant to indemnify the plaintiff "against all claims, losses, liability, damages of any type (including punitive), costs, fees, expenses, suits, orders, judgments, or adjudications whatsoever which [the plaintiff] may incur in any manner related to" its performance under the contract, "including the enforcement of the agreements contained [in the contract]") (citing *Fallon Elec. Co., Inc. v. Cincinnati Ins. Co.*, 121 F.3d 125, 129 (3d Cir. 1997); *see also U.S. Fidelity & Guar. Co.*, 15 F. Supp. at 584; *Centennial Ins. Co. v. Horizon Contracting Co., L.L.C,* No. 05-3917 (KSH), 2008 WL 4791657, at *2 (D.N.J. Oct. 31, 2008)).

   4200 Rose Hospitality agreed to indemnify the Wyndham Plaintiffs for the litigation and related costs associated with suits, actions, investigations, and similar proceedings arising out of conduct occurring on and related to the operation of the Facility that 4200 Rose Hospitality owned and operated. SMF ¶ 12, Exs. 1 & 2 §§ 8.1, 8.2. The Underlying Actions arose out of allegations regarding 4200 Rose Hospitality's operation of the Facility. SMF ¶ 16, Exs. 7 to 14. Among other things, the plaintiffs in the Underlying Actions alleged that a security guard employed by 4200 Rose Hospitality facilitated the alleged sex trafficking at the Facility. SMF ¶¶ 16-19. Given the unambiguous language in the License Agreement and the undisputed fact that the Underlying Actions arise from Defendants' operation of the Facility, there is no dispute that Defendants are obligated to indemnify the Wyndham Plaintiffs for the fees and costs (including interest) expended in defending the Underlying Actions.

II. **There is No Dispute that Defendants Indra Patel and Jyoti Patel Breached Their Obligations Under the Guaranty.**

Defendants Indra Patel and Jyoti Patel do not challenge the validity of the Guaranty that each Defendant individually executed in conjunction with the License Agreement. SMF ¶ 8. Pursuant to that Guaranty, each Defendant agreed to, *inter alia*:

> [G]uaranty that Licensee's obligations under the Agreement, including any amendments, will be punctually paid and performed.
>
> Upon default by Licensee and notice from you we will immediately make each payment and perform or cause Licensee to perform, each unpaid or unperformed obligation of Licensee under the Agreement.

SMF ¶ 8, Exs. 1 & 2 at 36. Because Defendants Indra Patel and Jyoti Patel do not dispute that they knowingly and voluntarily signed this Guaranty, Plaintiffs are entitled to relief for the same grounds as articulated in Section I, *supra*.

III. **The Wyndham Plaintiffs Are Entitled to Recover Both Interest on the Reasonable Attorneys' Fees and Costs Incurred in Defending the Underlying Actions and Their Reasonable Attorneys' Fees Incurred Enforcing the License Agreement.**

The Wyndham Plaintiffs are entitled to interest on the reasonable attorneys' fees and costs they incurred in defending the Underlying Actions. Section 7.3 of the License Agreement provides that DIW is entitled to interest at a rate of 1.5% per month—or 18% per annum—on all amounts owed but unpaid under the License Agreement. SMF ¶ 7, Ex. 1 & 2 § 7.3; *see also Travelodge Hotels, Inc. v. Durga, LLC*, No. 15-8412 (CCC), 2024 WL 4345051, at *14 (D.N.J. Sept. 30, 2024) (enforcing Section 7.3 of the Franchise Agreement at the rate of 1.5% per month).

In addition, section 17.4 of the License Agreement provides in pertinent part as follows: "The non-prevailing party will pay all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party to enforce this Agreement or collect amounts owed under this

Agreement." SMF ¶ 14. Under New Jersey law, attorney fee contract clauses are enforceable.[1] *Red Roof Franchising, LLC v. Patel*, 877 F. Supp. 2d 124, 135-36 (D.N.J. 2012) (citing *Ramada Worldwide Inc. v. Courtney Hotels USA, LLC*, No. 11-896(WHW), 2012 WL 924385, at *7 (D.N.J. Mar. 19, 2012) (finding that "Attorneys' fees clauses are enforceable in New Jersey" and awarding attorneys' fees and costs based on provision in franchise agreement); *Jackson Hewitt, Inc. v. Barnes Enters.*, No. 10-cv-05108 (DMC) (JAD), 2012 WL 1600572, at *3 (D.N.J. May 7, 2012) (awarding attorneys' fees and costs where franchise agreement made clear that plaintiff was entitled to such award)).

## RELIEF REQUESTED

For the foregoing reasons, the Wyndham Plaintiffs respectfully request the Court grant this motion and enter summary judgment in their favor on the question of liability as to all Counts of the Amended Complaint (ECF No. 6). In addition, the Wyndham Plaintiffs request the Court enter summary judgment as to Defendants' liability to pay contractual interest on the reasonable fees and costs the Wyndham Plaintiffs incurred in defending the Underlying Actions (in an amount to be determined) and to the right to seek reasonable fees and costs incurred in bringing this action.

Dated: January 17, 2025

Respectfully submitted,
**DLA PIPER LLP (US)**

*s/ David S. Sager*
David S. Sager, Esq.
51 John F. Kennedy Parkway, Suite 120
Short Hills, New Jersey 07078-2704
Tel.: (973) 520-2570
Fax: (973) 215-2604
Email: david.sager@us.dlapiper.com

---

[1] As noted in the context of the indemnity provision, the License Agreement is governed by New Jersey law. SMF Exs. 1 & 2 § 17.6.

9

Nathan P. Heller, Esq.
One Liberty Place
1650 Market Street, Suite 5000
Philadelphia, Pennsylvania 19103-7300
Tel.: (215) 656-3372
Fax: (215) 606-3372
Email: nathan.heller@us.dlapiper.com

*Attorneys for Plaintiffs*
*Days Inns Worldwide, Inc.,*
*Wyndham Hotel Group, LLC,*
*and Wyndham Hotels & Resorts, Inc.*