**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DAYS INN WORLDWIDE, INC., WYNDHAM HOTEL GROUP, LLC, and WYNDHAM HOTELS & RESORTS, INC., <br><br>Plaintiffs,<br><br>v.<br><br>4200 ROSE HOSPITALITY LLC, INDRA PATEL, and JYOTI PATEL,<br><br>Defendants. | Civil No. 2:22-cv-04822-BRM-CLW<br><br>**BRIEF IN OPPOSITION OF DEFENDANTS, 4200 ROSE HOSPITALITY, INDRA PATEL, AND JYOTI PATEL, TO PLAINTIFFS' PARTIAL MOTION FOR SUMMARY JUDGMENT**<br><br>**ORAL ARGUMENT REQUESTED** |

Defendants, 4200 Rose Hospitality LLC ("4200 Rose Hospitality"), Indra Patel ("Mr. Patel"), and Jyoti Patel ("Ms. Patel") (collectively, "Defendants"), by and through their undersigned counsel, respectfully request that this Honorable Court deny the Motion for Partial Summary Judgment of Plaintiffs Days Inn Worldwide, Inc., Wyndham Hotel Group, LLC, and Wyndham Hotels & Resorts, Inc. (collectively, "Plaintiffs"), and state as follows:

**I.    COUNTER STATEMENT OF FACTS**

Defendants dispute most of the facts contained in Plaintiffs' Statement of Undisputed Material Facts under Local Rule 56.1. *See* Defendants' Statement of Material Facts attached.

**II.    COUNTER-STATEMENT OF QUESTION INVOLVED**

**QUESTION 1:** Did Plaintiffs carry its burden to establish that there is no genuine material factual dispute?

*Suggested Answer: No.*

### III. LEGAL STANDARD

A motion for summary judgment may be properly granted only when the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Fed. R. Civ. P. 56. Ultimately, the moving party bears the burden of showing that there is an absence of evidence to support the nonmoving party's case. Celotex, 477 U.S. at 324. Once the movant adequately supports its motion pursuant to Rule 56(c), the burden shifts to the nonmoving party to go beyond the mere pleadings and present evidence through affidavits, depositions, or admissions on file to show that there is a genuine issue for trial. Id. at 324. A genuine issue is one in which the evidence permits a reasonable jury to return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if it might affect the outcome of the suit. Anderson, 477 U.S. at 248.

When deciding a motion for summary judgment, this Court must draw all reasonable inferences in the light most favorable to the non-movant. Big Apple BMW, Inc. v. BMW of North America, Inc., 974 F.2d 1358, 1363 (3d Cir. 1992), cert. denied, 507 U.S. 912 (1993). A court may not consider the credibility or weight of the evidence in deciding a motion for summary judgment, even if the quantity of the moving party's evidence far outweighs that of its opponent. Id. The court's inquiry, at the summary judgment stage, considers whether the evidence presents a sufficient disagreement to require submission to a jury or is so one-sided that one party must prevail as a matter of law. Anderson, 477 U.S. at 250-52.

**IV.     ARGUMENT**

In this action, Plaintiffs allege that Defendants breached their obligations pursuant to the License Agreement between 4200 Rose Hospitality and one of the plaintiffs, Days Inns Worldwide, Inc., and that Mr. and Mrs. Patel breached the Guaranty entered into with Days Inns Worldwide, Inc., by failing to indemnify Plaintiffs from losses and expenses that Plaintiffs allegedly accrued during the defense of the Underlying Actions. This alleged "breach" has thereby allegedly "forced" Plaintiffs to seek indemnification and reimbursement from Defendants for Plaintiffs' attorneys' fees and costs incurred in the defense of the Underlying Actions, in an amount in excess of $5,000,000.00. Plaintiffs rely on sections 8.1 and 8.2 of the License Agreement, and additionally seek attorneys' fees and costs to enforce this License Agreement pursuant to Section 17.4 of the License Agreement.

**A.      There Is a Genuine Dispute as to Whether the License Agreement and Guaranty are Enforceable Against Defendants, and Therefore Plaintiffs' Motion for Partial Summary Should Be Denied**

Defendants do not dispute that they entered into a License Agreement or Guaranty with "Days Inns Worldwide, Inc." However, and importantly, section 8.2 of the License Agreement, which incorporates section 8.1 of the License Agreement, states that Defendants "will reimburse the Indemnitee [Plaintiffs] for all costs of defending the matter, including ***reasonable* attorneys' fees**, incurred by Indemnitee if your insurer or you do not assume defense of the Indemnitee promptly when requested . . . ." (emphasis added). See Defendants' Statement of Material Facts ¶ 12. ***Nowhere*** in the agreement is "reasonable attorneys' fees" defined. Id. Further, it is not defined in Appendix A to the License Agreement, which defines numerous terms contained within the License Agreement. Id.

*1.      The Indemnity Provision is Ambiguous*

3

The indemnity provision, as a contractual term, is ambiguous and therefore unenforceable. As it is undisputed that the License Agreement is a contract, it is subject to traditional and undisputed rules of contract and contractual interpretation. See Elliott–Marine v. Campenella, 797 A.2d 201 (N.J. Super. Ct. App. Div. 2002), certif. denied, 807 A.2d 196 (N.J. 2002). If the terms of a contract are clear, they are to be enforced as written. See County of Morris v. Fauver, 707 A.2d 958 (N.J. 1998). On the other hand, ambiguous contract terms are generally construed against the drafter of the contract seeking enforcement. See Malick v. Seaview Lincoln Mercury, 940 A. 2d 1221 (N.J. Super. Ct. App. Div. 2008). Whether a term is clear or ambiguous is a question of law. See Kaufman v. Provident Life and Cas. Ins. Co., 828 F. Supp. 275, 282 (D.N.J.1992), aff'd, 993 F.2d 877 (3d Cir.1993).

Here, Plaintiffs were the drafters of the License Agreement. See Statement of Facts Not in Dispute ¶ 12. They failed to define "reasonable attorneys' fees" anywhere in the License Agreement. Id. As discussed further infra, this failure to define what "reasonable attorneys' fees" is fatal to their claim, as the ability to have multiple interpretations of such an undefined and material term creates a material and fatal ambiguity in the indemnity provision itself. Kaufman, 828 F. Supp. at 283. There is no explanation or understanding of what is considered "reasonable" ex ante to the execution of the License Agreement and Defendants' agreeing to be bound by the indemnity provision and, thus, the indemnification provision, section 8.1 and 8.2, should be construed against the drafter, Plaintiffs, and unenforceable against the Defendants.

### 2.     *The Indemnity Provision is Vague*

Further, the License Agreement itself is unenforceable for due to its vagueness. Its essential terms, the indemnification provision, are too indefinite, as "reasonable attorneys' fees" is not defined. See Agere Systems, Inc. v. Advanced Environmental Technology Corp., 552 F.

4

Supp. 2d 515, 525 (E.D. Pa. 2008) (finding that an indemnification provision is an essential term where it has the potential of subject a party to enormous liability). "A contract . . . is unenforceable for vagueness when its essential terms are too indefinite to allow a court to determine with reasonable certainty what each party has promised to do." Baer v. Chase, 392 F.3d 609, 619 (3d. Cir. 2004). "To be enforceable as a contractual undertaking, an agreement must be sufficiently definite in its terms that the performance to be rendered by each party can be ascertained with reasonable certainty." Weicher Vo. Realtors v. Ryan, 608 A.2d 280, 284 (N.J. 1992).

      Here, there is no evidence that Plaintiffs and Defendants specified a practicable method or calculation prior to the execution of the License Agreement by which to determine what constitutes "reasonable attorneys' fees," and, therefore, in the absence of agreement as to the manner or method of determining "reasonable attorneys' fees, the License Agreement is invalid. See Baer, 392 F.3d at 619 (finding that in an the absence of an agreement between the parties of a manner or method of determining the price term, i.e., the amount of compensation, the purported agreement is invalid). As a result, due to the vagueness of the term "reasonable attorneys' fees," Defendants could not have ascertained or appreciated with reasonable certainty the extent of their performance in reimbursing Plaintiffs their "reasonable attorneys' fees," because "reasonable attorneys' fees" is not defined in the License Agreement. See Statement of Facts Not in Dispute ¶¶ 12, 14. There is no evidence produced by Plaintiffs that they defined, valued, or explained what "reasonable attorneys' fees" would be to Mr. and Mrs. Patel at any time before, during, or after the execution of the License Agreement. Id. Further, there is no evidence that Plaintiffs communicated to Defendants that they would be using DLA Piper at the rates charged to defend themselves in any anticipated actions and/or the Underlying Actions, or

communicated DLA Piper's rates, or the fee agreement between Plaintiffs and Liberty Mutual, whereby Liberty Mutual only agreed to pay a certain amount of fees charged by DLA Piper and that Plaintiffs would cover the "delta" above and beyond what Liberty Mutual agreed. See Defendants' Statement of Material Facts ¶ 25. Defendants certainly could not have ascertained that they would be "on the hook" to pay Plaintiffs for their counsel of their choosing, at the rates of their choosing, some of which who charged $950.00 per hour to Plaintiffs.

### 3. *Claims for Reasonable Attorneys' Fees under Section 17.4 Are Also Ambiguous and Vague*

Likewise, the "reasonable attorneys' fees" referenced in section 17.4 of the License Agreement are equally not defined in any way in the License Agreement. See Defendants' Statement of Material Facts ¶ 14. By the same argument above, any claims for "reasonable attorneys' fees," or any interest accrued, by Plaintiffs for prosecution of this action pursuant to section 17.4 is vague and/or enforceable, rendering this provision unenforceable against Defendants.

It is clear that, while Defendants may have owed indemnity under a certain set of circumstances to Plaintiffs pursuant to the License Agreement, given that "reasonable attorneys' fees" is ambiguous and vague in the indemnity provision and section 17.4, the License Agreement and Guaranty are not enforceable against the Defendants to the extent regarding Plaintiffs' claims here as to indemnification of "***reasonable*** attorneys' fees and costs," and Plaintiffs claims for indemnification fail as a matter of law. Therefore, there is a genuine issue of material fact as to whether the License Agreement itself, or the indemnity provision or Guaranty particularly, are unambiguous and enforceable against Defendants, and for these reasons Plaintiffs' Motion for Summary Judgment should be denied.

> **4. *Plaintiffs Have Failed to Establish Their Claims That Defendants Owe Plaintiffs Their "Reasonable Attorneys' Fees" under Sections 8.2 and 17.4 of the License Agreement And Have Failed To Establish That Their Claims Fees Are "Reasonable"***

Plaintiffs' arguments are merely based on *ipse dixit*[1] with no supporting evidence. While Plaintiffs assert that Defendants are obligated to indemnify Plaintiffs and thus owe Defendants their "reasonable attorneys' fees" under Sections 8.2 and 17.4 of the License Agreement, they have failed to prove their claims. Plaintiffs cannot simply assert that just because Defendants entered into the License Agreement and Guaranty that they must then indemnify Plaintiffs and pay their "reasonable attorneys' fees" without any supporting evidence.  Similarly, Plaintiffs cannot simply assert that Defendants owe them more than $5 million in fees and state that these fees are "reasonable" just because they say so. Plaintiffs have failed to establish any evidence that their claimed fees are "reasonable" under the law, and there is no evidence of record establishing such – Plaintiffs have not produced any affirmative expert reports, any attorney affidavits, or any other evidence establishing that their claimed fees are "reasonable." Therefore, Plaintiffs' claims fail as a matter of law.

## V.   CONCLUSION

Based on the foregoing reasons, where there does exist genuine issues as to material facts, Plaintiffs' motion should be denied.

Respectfully submitted,

By:   */s/ Conrad James Benedetto*
**McCORMICK & PRIORE, P.C.**
Philip D. Priore, Esquire
NJ I.D. No. 002261997
Conrad James Benedetto, Esquire
NJ I.D. No. 0007342011

---

[1] *Ipse dixit* is a Latin phrase meaning "something asserted but not proved." See Black's Law Dictionary 833 (7th ed. 1999)

                                 Susan Keesler, Esquire
                                 NJ I.D. No. 010382012
                                 2001 Market Street, Suite 3810
                                 Philadelphia, PA 19103
                                 (T) 215-972-0161
                                 (F) 215-972-5580
                                 email:  ppriore@mccormickpriore.com
                                               cbenedetto@mccormickpriore.com
                                               skeesler@mccormickpriore.com
                                 *Attorneys for Defendants*
                                 *4200 Rose Hospitality LLC, Indra Patel*
                                 *and Jyoti Patel*

Date: <u>February 4, 2025</u>

## **CERTIFICATE OF SERVICE**

I hereby certify that on the date below, I served the foregoing Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment on all registered counsel of record via ECF.

                Respectfully submitted,

By: */s/ Conrad James Benedetto*
**McCORMICK & PRIORE, P.C.**
Philip D. Priore, Esquire
NJ I.D. No. 002261997
Conrad James Benedetto, Esquire
NJ I.D. No. 0007342011
Susan Keesler, Esquire
NJ I.D. No. 010382012
2001 Market Street, Suite 3810
Philadelphia, PA 19103
(T) 215-972-0161
(F) 215-972-5580
email:  ppriore@mccormickpriore.com
        cbenedetto@mccormickpriore.com
        skeesler@mccormickpriore.com
*Attorneys for Defendants*
*4200 Rose Hospitality LLC, Indra Patel*
*and Jyoti Patel*

Date: February 4, 2025