# EXHIBIT "A"

**DLA PIPER LLP (US)**
David S. Sager
Kristin A. Pacio
51 John F. Kennedy Parkway, Suite 120
Short Hills, New Jersey 07078-2704
T: 973.520.2550
F: 973.520.2551

*Attorneys for Plaintiffs*
*Days Inns Worldwide, Inc.,*
*Wyndham Hotel Group, LLC and*
*Wyndham Hotels & Resorts, Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DAYS INNS WORLDWIDE, INC., WYNDHAM HOTEL GROUP, LLC, and WYNDHAM HOTELS & RESORTS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>4200 ROSE HOSPITALITY LLC, INDRA PATEL, AND JYOTI PATEL,<br><br>Defendants. | Civil Action No. 2:22-cv-04822-BRM-CLW |

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANTS'**
**FIRST SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure (the "Federal Rules"), plaintiffs Days Inns Worldwide, Inc. ("DIW"), Wyndham Hotel Group, LLC ("WHG") and Wyndham Hotels & Resorts, Inc. ("WHRI," collectively "Plaintiffs"), by its undersigned attorneys, hereby submit the following responses and objections to defendants 4200 Rose Hospitality LLC, Indra Patel and Jyoti Patel's (collectively "Defendants") First Set of Interrogatories (the "Interrogatories," and each specific interrogatory therein an "Interrogatory").

1

## **GENERAL OBJECTIONS**

1.    Plaintiffs object to each Interrogatory, including the Definitions and Instructions, to the extent it purports to impose obligations and burdens beyond those required by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of New Jersey, or the Court's directives.

2.    Plaintiffs object to each Interrogatory, including the Definitions and Instructions, to the extent it calls for information that is subject to the attorney-client privilege, the work product doctrine, or any other privilege that may apply. By providing any information, Plaintiffs do not waive any privilege and reserve the right to recall at any time any information supplied inadvertently to which any privilege is attached.

3.    Plaintiffs object to each Interrogatory, including the Definitions and Instructions, as unduly burdensome and oppressive to the extent that (i) the information sought is already in the possession of the Defendants, (ii) the information sought is obtainable with less burden or expense from another source, and/or (iii) the information sought by the Interrogatory can only or more appropriately be obtained by other discovery methods.

4.    By providing information in response to any Interrogatory, Plaintiffs do not concede that such information is relevant to the subject matter involved in the pending action or the claims or defenses of any party herein, or that such discovery is proportional to the needs of the case. Plaintiffs expressly reserve the right to object to the use of any information provided in response to the Interrogatories on grounds of relevance or for any other reason.

5.    Plaintiffs object to the definition of "You" or "Your" as vague and ambiguous, overly broad, unduly burdensome, and disproportionate to the needs of this case insofar as it

purports to include all persons purporting to act on Plaintiffs' behalf and former officers, directors, attorneys, agents, partners, or employees.

### RESPONSES TO INTERROGATORIES

1. Identify and describe all bases on which you seek indemnification and payment from Defendants.

**RESPONSE:** Plaintiffs object to this Interrogatory insofar as it seeks information protected from disclosure by the attorney-client privilege or work product doctrine. Without waiving the foregoing objections and subject thereto, Plaintiffs state that they seek indemnification pursuant to Section 8 of the License Agreement dated April 23, 2008.

2. Identify all fees, costs, expenses for which Plaintiffs seek indemnification and/or payment.

**RESPONSE:** Plaintiffs seek indemnification for attorneys' fees and costs, including expert fees, incurred in or as result of their defense of the following matters: *B.H. v. Roosevelt Inn, LLC d/b/a Roosevelt Inn et al.,* Case ID: 190303356; *C.A. v. Roosevelt Inn, LLC d/b/a Roosevelt Inn et al.*, Case ID: 190303355; *K.R. v. Roosevelt Inn, LLC d/b/a Roosevelt Inn et al.*, Case ID: 191100552; *T.E. v. 4200 Roosevelt LLC, individually and d/b/a Days Inn et al.*, Case ID: 200900994; *V.S. v. 4200 Roosevelt LLC, individually and d/b/a Days Inn et al.*, Case ID: 210101926; *A.H. v. Roosevelt Inn, LLC d/b/a Roosevelt Inn et al.*, Case ID: 200102954; *K.C. v. 4200 Roosevelt LLC, et al.*, No. 210101926 (Pa. C.C.P. – Phila. Cnty.); *D.P. v. Catholic Social Service, et al.*, Case ID: 220401713; and *L.E. v. 4200 Roosevelt LLC, et al.*, Case ID: 220500957 matters (collectively, the "Underlying Actions"). Plaintiffs also seek attorneys' fees and costs incurred in this action pursuant to Section 17.4 of the License Agreement. Copies of the invoices reflecting the amounts incurred will be produced in response to Defendants' Request for Production subject to entry of an appropriate protective order.

3

3. Identify all attorneys, paralegals, summer associates, clerks, and other personnel whose work Plaintiffs seek indemnification and/or payment, whether or not currently employed by DLA Piper.

**RESPONSE:** Plaintiffs object to this Interrogatory insofar as it seeks information protected from disclosure by the attorney-client privilege or work product doctrine. Without waiving the foregoing objection and subject thereto, Plaintiffs refer to individuals identified in the invoices referenced in response to Interrogatory No. 2.

4. Identify all experts, consultants, other professional, and other individuals or companies for which Plaintiffs seek indemnification and/or payment, regardless of whether they are currently retained by DLA Piper and/or its clients.

**RESPONSE:** Plaintiffs object to this Interrogatory insofar as it seeks information protected from disclosure by the attorney-client privilege or work product doctrine. Without waiving the foregoing objection and subject thereto, Plaintiffs seek to recover fees and costs relating to the following experts: Kimberly Mehlman-Orozco; Marc Evans; Michael Seid, and Ulrike Gretzel. Plaintiffs also seek to recover fees and costs relating to litigation vendors identified in the invoices referenced in response to Interrogatory No. 2.

5. Identify and describe all facts related to Plaintiffs' claim that the Defendants breached the License Agreement.

**RESPONSE:** 4200 Rose Hospitality LLC entered in a License Agreement dated April 23, 2008, for the operation of a 116-room Days Inn® guest lodging facility located at 4200 Roosevelt Blvd., Philadelphia PA 19124 (the "Facility"). Pursuant to section 8.1 of the License Agreement, 4200 Rose Hospitality LLC agreed to indemnify DIW and its affiliates (defined as "Indemnitees") and hold them harmless "from and against all Losses and Expenses, incurred by any Indemnitee for any investigation, claim, action, suit, demand, administrative or alternative dispute resolution proceeding, relating to or arising out of any transaction, occurrence or service at, or involving operation of, the Facility…" Pursuant to Section 8.2 of the License Agreement, 4200 Rose

4

Hospitality LLC agreed to "reimburse the Indemnitee for all costs of defending the matter, including reasonable attorneys' fees, incurred by the Indemnitee if your insurer or you do not assume defense of the Indemnitee promptly when requested, or separate counsel is appropriate, in our discretion, because of actual or potential conflicts of interest."  In conjunction with the License Agreement, the guarantors, Indra Patel and Jyoti Patel, provided DIW with a guaranty, pursuant to which they agreed, among other things, to "immediately make each payment and perform or cause Licensee to perform, each unpaid or unperformed obligation of Licensee under the [License] Agreement."  DIW demanded indemnification from Defendants on behalf of DIW and all Indemnitees (as defined in the License Agreement), for all fees, costs and expenses incurred in the Underlying Actions.  Despite these demands and their contractual obligation under the License Agreement, Defendants have failed and refused to reimburse DIW, WHG, and WHR for the fees, costs, or expenses that they have incurred in the Underlying Actions.

6.  Identify all insurance carriers with whom you have communicated regarding the claims in and substance of Plaintiffs' Complaint and describe those communications.

**RESPONSE:**  Plaintiffs object to this Interrogatory insofar as it seeks information protected from disclosure by the attorney-client privilege or work product doctrine.  Without waiving the foregoing objection and subject thereto, Plaintiffs state that they and/or their representatives have communicated with multiple insurance carriers regarding coverage for the Underlying Actions, including Tower National Insurance Company, Allied World National Insurance, Erie Insurance Exchange, ACE American Insurance Co., ACE Bermuda Insurance Ltd., ACE Property and Casualty Ins. Co., Arch Insurance Company, Chubb Insurance Co. of NJ, Continental Casualty Company, Endurance American Insurance Co., Great American Insurance Co. of NY, Great American Insurance Company, Lexington Insurance Co., Liberty Insurance Underwriters, Inc., Liberty Mutual Fire Insurance Company, National Union Fire Ins. Co. of PA,

5

Navigators Insurance Co., QBE Insurance Corporation, St. Paul Fire & Marine Insurance Company, The Ohio Casualty Insurance Company, XL Insurance America Co., and XL Insurance America, Inc.

7. Identify all insurance carriers and the representatives with whom Plaintiffs have relationships in the Underlying Actions.

**RESPONSE**: Plaintiffs object to this Interrogatory as vague and ambiguous insofar as the term "relationships" is undefined and susceptible to various interpretations. Without waiving the foregoing objection and subject thereto, Plaintiffs refer to their response to Interrogatory No. 6.

8. Identify all individuals who negotiated the License Agreement on behalf of Plaintiffs and describe their roles.

**RESPONSE**: Plaintiffs object to this Interrogatory as overly broad insofar as the License Agreement is an integrated document and the provisions of the License Agreement at issue in this matter are unambiguous. Plaintiffs state that the License Agreement was presented, negotiated, and executed by the Franchise Administration department, including Glenn Bisbing, Relicensing Sales Director, and Victoria Savino, Relicensing Coordinator, and that Section 8 of the License Agreement was not the subject of negotiations. Plaintiffs further refer Defendants to documents produced in response to Defendants' Requests for Production.

9. Identify and describe all the circumstances under which the License Agreement was negotiated.

**RESPONSE**: Plaintiffs refer to their response to Interrogatory No. 8.

10. Identify all efforts to negotiate in good faith before filing the instant action, including the individuals who made those efforts.

**RESPONSE**: Plaintiffs demanded indemnification from Defendants for all fees, costs and expenses incurred in the Underlying Actions and maintained communications with Defendants'

counsel during the litigation of the Underlying Actions. Despite these demands and their contractual obligation under the License Agreement, Defendants have failed and refused to reimburse DIW, WHG, and WHR for the fees, costs, or expenses that they have incurred in the Underlying Actions.

11. Identify whether Plaintiffs have insurance coverage, are seeking coverage, or have been denied coverage for the Instant Action and describe the facts related thereto, including identifying the carrier(s) and the policy limits.

**RESPONSE**: Plaintiffs refer to their response to Interrogatory No. 6.

12. Identify whether the fees, costs, expenses, and all other amounts claimed in the Instant Action have been submitted for payment, have been paid, by whom, and in what amount.

**RESPONSE**: Plaintiffs state that the invoices for fees and costs to date in the Underlying Actions and this action have been submitted to Plaintiffs and Plaintiffs' insurers and that the amounts invoiced have been or are in the process of being paid.

13. Identify whether there have been any audits of the invoices, and/or the fees, costs, expenses claimed in the Instant Action, and if so by whom.

**RESPONSE**: Plaintiffs object to this Interrogatory insofar as it seeks information protected from disclosure by the attorney-client privilege or work product doctrine. Plaintiffs further object to this Interrogatory as vague and ambiguous insofar as the term "audits" is undefined and susceptible to various interpretations. Without waiving the foregoing objection and subject thereto, Plaintiffs state that the Legal Department reviewed and approved the invoices for which Plaintiffs are seeking indemnification from Defendants.

14. Identify the Underlying Actions Plaintiffs contend are final adjudicated or otherwise concluded and/or resolved.

**RESPONSE**: Plaintiffs refer to the Underlying Actions identified in response to Interrogatory No. 2. Plaintiffs further state that Defendants have failed to respond to Plaintiffs'

7

requests for updates regarding the status of the dismissals of the Underlying Actions, and Plaintiffs reserve their rights to seek additional fees and costs incurred as a result of Defendants refusal to obtain dismissals for the Underlying Actions that have been settled.

15. Identify and describe all damages Plaintiffs seek in their Complaint.

**RESPONSE**: Plaintiffs' damages include attorneys' fees and costs (inclusive of expert fees and litigation vendors) incurred in or as a result of the Underlying Actions and attorneys' fees and costs incurred in this action pursuant to Section 17.4 of the License Agreement. Copies of the invoices for such legal services will be produced in response to Defendants' Request for Production subject to entry of an appropriate protective order.

16. Identify all correspondence and communications related to Plaintiffs' claims in their Complaint, including but not limited to their position they have a right to indemnification and the amounts for which they seek payment.

**RESPONSE**: Plaintiffs object to this Interrogatory insofar as it seeks information protected from disclosure by the attorney-client privilege or work product doctrine. Without waiving the foregoing objection and subject thereto, Plaintiffs refer Defendants to the documents produced in response to Defendants' Requests for Production.

17. Identify and describe all communications, correspondence, and/or documents which Plaintiffs believe evidence and/or support their demand(s) for indemnification.

**RESPONSE**: Plaintiffs object to this Interrogatory insofar as it seeks information protected from disclosure by the attorney-client privilege or work product doctrine. Without waiving the foregoing objection and subject thereto, Plaintiffs refer Defendants to the documents produced in response to Defendants' Requests for Production.

18. Identify all documents, correspondence, and communications related to damages Plaintiffs seek in their Complaint.

8

**RESPONSE:**   Plaintiffs object to this Interrogatory insofar as it seeks information protected from disclosure by the attorney-client privilege or work product doctrine.  Without waiving the foregoing objection and subject thereto, Plaintiffs refer Defendants to the documents produced in response to Defendants' Requests for Production.

19. Identify and describe the corporate structure and relationship between each individual Plaintiff.

**RESPONSE:**  Plaintiffs object to this Interrogatory as overly broad insofar as each of the Plaintiffs is entitled to indemnification under the License Agreement irrespective of their "relationship."  Plaintiffs further object to this Interrogatory as vague and ambiguous insofar as the term "corporate structure" is undefined and subject to various interpretations and the Interrogatory does not specify a particular time for which it seeks the information.  Without waiving the foregoing objection and subject thereto, Plaintiffs state that Wyndham Hotels & Resorts, Inc. currently is the ultimate parent company of Wyndham Hotel Group, LLC and Days Inns Worldwide, Inc.

20. Identify all individuals with knowledge regarding the claims in Plaintiffs' Complaint and describe their knowledge.

**RESPONSE:**  Plaintiffs object to this Interrogatory as overly broad, unduly burdensome, and disproportional to the needs of this case insofar as it seeks the identify of anyone with any knowledge regarding Plaintiffs' claim.  Without waiving the foregoing objection and subject thereto, Plaintiffs identify the following individuals and entities believed to have knowledge of the subject matter of this action:

   a.   4200 Rose Hospitality, LLC, which is believed to have knowledge regarding, among other facts, the April 23, 2008 License Agreement, the former Days Inn® guest lodging facility located at 4200 Roosevelt Blvd., Philadelphia, PA 19124 (the "Facility"), the Underlying Actions, the obligation to obtain insurance for the benefit of Plaintiffs, and the obligation to indemnify and hold Plaintiffs harmless

9

EAST\199833306.3

          from all losses, including attorneys' fees and costs, resulting from the operation of the Facility;

    b.    Indra Patel, who is believed to have knowledge regarding the April 23, 2008 License Agreement, the operation of the Facility, the Underlying Actions, efforts to obtain and/or the failure to obtain insurance for the benefit of Plaintiffs, the obligations of Defendants to obtain insurance and indemnify and hold Plaintiffs harmless, and the obligations under the Guaranty;

    c.    Jyoti Patel, who is believed to have knowledge regarding the April 23, 2008 License Agreement, the operation of the Facility, the Underlying Actions, efforts to obtain and/or the failure to obtain insurance for the benefit of Plaintiffs, the obligations of Defendants to obtain insurance and indemnify and hold Plaintiffs harmless, and the obligations under the Guaranty

    d.    Mike Mueller, President, Super 8 by Wyndham and Brand Operations for Wyndham Hotels & Resorts, Inc., has knowledge of the License Agreement; and

    e.    Individuals identified or disclosed in documents that will be made available for inspection and copying in response to Defendants' Requests for Production of Documents.

21. Identify all witnesses you intend to call at trial.

**RESPONSE:** Plaintiffs object to this Request insofar as it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Without waiving the foregoing objection and subject thereto, Plaintiffs will identify their fact witnesses in accordance with the Court's Scheduling Order.

22. Identify all Plaintiffs' expert witnesses Plaintiffs intend to call as witnesses at trial.

**RESPONSE:** Plaintiffs object to this Request insofar as it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Without waiving the foregoing objection and subject thereto, Plaintiffs will provide their expert disclosures in accordance with Rule 26 and the Court's Scheduling Order.

23. Identify all Plaintiffs' expert witnesses, regardless of whether they will be called at trial.

**RESPONSE:** Plaintiffs object to this Request insofar as it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Without waiving the foregoing objection and subject thereto, Plaintiffs will provide their expert disclosures, if any, in accordance with Rule 26 and the Court's Scheduling Order.

24. Identify all documents provided to Plaintiffs' expert(s).

**RESPONSE:** Plaintiffs object to this Request insofar as it seeks documents and information protected from disclosure by the attorney-client privilege and/or work product doctrine. Without waiving the foregoing objection and subject thereto, Plaintiffs will provide their expert disclosures, if any, in accordance with Rule 26 and the Court's Scheduling Order.

As to objections,

**DLA PIPER LLP (US)**

 /s/ David S. Sager
David S. Sager
Kristin A. Pacio
51 John F. Kennedy Parkway - Suite 120
Short Hills, New Jersey 07078-2704
Tel:   (973) 520-2550
Fax:  (973) 520-2551
Email: david.sager@us.dlapiper.com
            kristin.pacio@us.dlapiper.com

*Attorneys for Plaintiffs*
*Days Inns Worldwide, Inc.,*
*Wyndham Hotel Group, LLC and*
*Wyndham Hotels & Resorts, Inc.*

Dated: May 18, 2023

EAST\199833306.3

## **VERIFICATION**

I am the President, Super 8 by Wyndham and Brand Operations for Wyndham Hotels & Resorts, Inc. and, as such, and I am authorized to verify these responses to the Lincoln Defendant's Interrogatories on behalf of Days Inns Worldwide, Inc., Wyndham Hotel Group, LLC, and Wyndham Hotels & Resorts, Inc. (collectively, "Plaintiffs"). These responses are not all within my personal knowledge, nor do I believe that there is a single officer or agent of Plaintiffs who has personal knowledge of all such matters. As a result, these responses are based on records, employees, and information available to Plaintiffs, and I believe the facts stated therein to be true and correct.

_____
Mike Mueller

Dated: May 18, 2023

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document is being served upon all counsel of record by email addressed to Jodi Wilenzik (jwilenzik@postschell.com); Gerard H. Hanson (ghanson@hillwallack.com); Conrad James Benedetto (cbenedetto@mccormickpriore.com); Philip D. Priore (ppriore@mccormickpriore.com); and Susan Keesler (skessler@mccormickpriore.com).

                                                */s/ Kristin A. Pacio*
                                                *Attorneys for Plaintiffs*
                                                *Days Inns Worldwide, Inc.,*
                                                *Wyndham Hotel Group, LLC and*
                                                *Wyndham Hotels & Resorts, Inc.*