# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAYS INNS WORLDWIDE, INC., WYNDHAM HOTEL GROUP, LLC, and WYNDHAM HOTELS & RESORTS, INC., | Civil Action No.: 2:22-cv-04822-BRM-CLW |
| Plaintiffs, | Motion Day: February 18, 2025 (Oral Argument Requested) |
| v. | |
| 4200 ROSE HOSPITALITY LLC, INDRA PATEL, and JYOTI PATEL, | ***Document Electronically Filed*** |
| Defendants. | |

**PLAINTIFFS DAYS INNS WORLDWIDE, INC., WYNDHAM HOTEL GROUP, LLC, AND WYNDHAM HOTELS & RESORTS, INC.'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**DLA PIPER LLP (US)**
David S. Sager, Esq.
51 John F. Kennedy Parkway, Suite 120
Short Hills, New Jersey 07078-2704
david.sager@us.dlapiper.com

Nathan P. Heller, Esq.
One Liberty Place
1650 Market Street, Suite 5000
Philadelphia, Pennsylvania 19103-7300
nathan.heller@us.dlapiper.com

*Attorneys for Plaintiffs*
*Days Inns Worldwide, Inc.,*
*Wyndham Hotel Group, LLC,*
*and Wyndham Hotels & Resorts, Inc.*

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ....................................................................................................1

LEGAL STANDARD....................................................................................................................2

ARGUMENT..................................................................................................................................2

I. The Indemnification Provision of the License Agreement is Not Vague or Ambiguous.................................................................................................................2

II. The Wyndham Plaintiffs Have Produced Evidence Supporting the Reasonableness of Their Claimed Fees. ..................................................................5

CONCLUSION...............................................................................................................................7

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Barry Assocs., LLC v. 300 Allenhurst, LLC*,
No. A-0719-10T3, 2011 WL 5864323 (N.J. Super. Ct. App. Div. Nov. 23, 2011) ....................................................................................................................................2

*Furst v. Einstein Moomjy, Inc.*,
182 N.J. 1 (2004) .........................................................................................................3

*Grow Co., Inc. v. Chokshi*,
424 N.J. Super. 357 (App. Div. 2012) .....................................................................3, 4

*Hansen v. Rite Aid Corp.*,
253 N.J. 191 (2023) .....................................................................................................3

*Hunt Const. Grp., Inc. v. Hun Sch. of Princeton*,
No. 08-3550, 2012 WL 113606 (D.N.J. Jan. 13, 2012)..............................................3

*Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*,
426 F.3d 694 (3d Cir. 2005), *as amended* (Nov. 10, 2005).......................................3

*Jackson Hewitt, Inc. v. Barnes Enters.*,
No. 10-cv-05108 (DMC)(JAD), 2012 WL 1600572 (D.N.J. May 7, 2012)...............4

*Kaucher v. Cnty. of Bucks*,
455 F.3d 418 (3d Cir. 2006)........................................................................................2

*Laney v. BBB Logistics, Inc.*,
844 Fed. Appx. 203 (11th Cir. Feb. 8, 2021).............................................................3

*Mariner's Bank v. Demetrakis*,
No. L-4337-20, 2021 N.J. Super. Unpub. LEXIS 2246 (N.J. Sup. May 4, 2021) ...........................................................................................................................6

*Packard-Bamberger & Co., Inc. v. Collier*,
167 N.J. 427 (2001) .....................................................................................................2

*Pocono Mountain Sch. Dist. v. T. D.*,
No. 22-1787, 2023 WL 2983501 (3d Cir. Apr. 18, 2023) ..........................................6

*Powell v. Pa. R.R. Co.*,
267 F.2d 241 (3d Cir. 1959).........................................................................................3

*Ramada Worldwide, Inc. v. Courtney Hotels USA, LLC*,
No. 11-896 (WHW), 2012 WL 924385 (D.N.J. Mar. 19, 2012) ................................4

*Ramada Worldwide, Inc. v. Van Horn Hosp., LLC*,
   No. 13-7105, 2015 WL 150090 (D.N.J. Jan. 12, 2015)...............................................................4

*Red Roof Franchising, LLC v. AA Hosp. Northshore, LLC*,
   877 F. Supp. 2d 140 (D.N.J. 2012) .........................................................................................6

*Rich v. State of N.J.*,
   294 F. Supp. 3d 266 (D.N.J. 2018) ........................................................................................2

*Satellite Gateway Commc'ns, Inc. v. Musi Dining Car Co., Inc.*,
   110 N.J. 280 (1988) ................................................................................................................2

*Super 8 Worldwide, Inc. v. Gajanan Corp.*,
   No. 14-5967, 2015 WL 1954463 (D.N.J. Apr. 28, 2015)........................................................4

*Matter of Tr. of Brown*,
   213 N.J. Super. 489 (N.J. Super. Ct. 1986).............................................................................3

*Travelodge Hotels, Inc. v. Durga, LLC*,
   No. 15-8412 (CCC), 2024 WL 4345051 (D.N.J. Sept. 30, 2024) ...........................................5

## Other Authorities

Fed. R. Civ. P. 56.........................................................................................................................1, 2

L. Civ. R. 56.1.................................................................................................................................1

Pursuant to Federal Rule of Civil Procedure 56 and Local Civil Rule 56.1, Plaintiffs Days Inns Worldwide, Inc. ("DIW"), Wyndham Hotel Group, LLC ("WHG"), and Wyndham Hotels & Resorts, Inc. ("WHR" and, collectively, the "Wyndham Plaintiffs") submit the following memorandum opposing the Motion for Summary Judgment of Defendants 4200 Rose Hospitality LLC ("4200 Rose Hospitality"), Indra Patel, and Jyoti Patel (collectively, "Defendants"). (ECF No. 64, "Defs. MSJ" or "Motion").[1]

## PRELIMINARY STATEMENT

Defendants make two main arguments. First, Defendants argue, without any legal support, that the indemnification provision in the License Agreement between DIW and 4200 Rose Hospitality is "ambiguous" and "vague" because the Agreement does not expressly define the term "reasonable attorneys' fees." That phrase is commonly used in statutes and contracts and imputes a legal test established and often applied by the courts of New Jersey to determine the reasonableness of fees.[2] Second, Defendants argue that there is no evidence to establish the "reasonableness" of the fees that the Wyndham Plaintiffs seek. That is not true. Among other evidence, the Wyndham Plaintiffs produced detailed billing records and the supporting testimony of a corporate witness who confirmed that these invoices were reviewed, deemed to be reasonable, and paid. The Wyndham Plaintiffs also produced the expert report of the Honorable Donald Steckroth (ret.) who confirmed that the rates billed were well within the bounds of reasonableness.

---

[1] "Defs. MSJ" or the "Motion" refers to Defendants' brief in support of their Motion for Summary Judgement. (ECF No. 64-2).

[2] Section 17.6.1 of the License Agreement establishes that the agreement will be governed by and construed under the laws of the State of New Jersey. *See* ECF Nos. 65-3 & 65-4, Exs. 1 & 2 ("License Agreement").

Defendants may disagree, but reasonableness is a question for the Court at a later stage, and Defendants' Motion should be denied.

## LEGAL STANDARD

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). "A factual dispute is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party, and it is material only if it has the ability to affect the outcome of the suit under governing law." *Rich v. State of N.J.*, 294 F. Supp. 3d 266, 273 (D.N.J. 2018) (citing *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006) (internal quotation marks omitted)).

## ARGUMENT

**I.    The Indemnification Provision of the License Agreement is Not Vague or Ambiguous**

Defendants argue that a plaintiff cannot recover "reasonable attorneys' fees" unless the term is defined. The law, however, is clear that this term need not be defined in a contract to be operative and enforced by the courts. A party can recover attorneys' fees "if expressly provided for by contract." *Barry Assocs., LLC v. 300 Allenhurst, LLC*, No. A-0719-10T3, 2011 WL 5864323, at \*2 (N.J. Super. Ct. App. Div. Nov. 23, 2011) (citing *Packard-Bamberger & Co., Inc. v. Collier*, 167 N.J. 427, 443-44 (2001)). Thus, "[p]arties may agree[] to fee-shifting provisions, and a party may be contractually obligated to pay attorneys' fees." *Id.* (citing *Satellite Gateway Commc'ns, Inc. v. Musi Dining Car Co., Inc.*, 110 N.J. 280, 285-86 (1988)).

Section 8.2 of the License Agreement provides that 4200 Rose Hospitality "will reimburse the Indemnitee for all costs of defending the matter, including reasonable attorneys' fees, incurred by the Indemnitee …," and Section 17.4 provides that "[t]he non prevailing party will pay all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party to enforce this Agreement or collect amounts owed under this Agreement." *See* License Agreement. Courts have

the discretion to determine the *reasonableness* of attorneys' fees under such provisions; the courts are "expert on the question, and may consider [their] own knowledge and experience concerning reasonable and proper fees, and, in the light of such knowledge and experience, the court may form an independent judgment." *Matter of Tr. of Brown*, 213 N.J. Super. 489, 508 (N.J. Super. Ct. 1986) (quoting *Powell v. Pa. R.R. Co.*, 267 F.2d 241, 245 (3d Cir. 1959)); *see also Grow Co., Inc. v. Chokshi*, 424 N.J. Super. 357, 363-69 (App. Div. 2012) (affirming award of fees where lower court appointed an independent expert to develop methodology to determine reasonableness of attorneys' fees and, thereafter, adjusted the expert's recommendation based on the court's own judgment); *Laney v. BBB Logistics, Inc.*, 844 Fed. Appx. 203, 210 (11th Cir. Feb. 8, 2021) ("when a court is determining the reasonableness of attorneys' fees, the court, as a matter of law, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses." (citation omitted)).

The test for determining the "reasonableness" of fees begins with establishing a "lodestar," *i.e.*, the "number of hours reasonably expended multiplied by a reasonable hourly rate." *Hansen v. Rite Aid Corp.*, 253 N.J. 191, 215 (2023). A reasonable hourly rate is based on a number of factors, including, but not limited to, "similar services by lawyers of reasonably comparable skill, experience, and reputation in the community." *Hunt Const. Grp., Inc. v. Hun Sch. of Princeton*, No. 08-3550, 2012 WL 113606, at *4–5 (D.N.J. Jan. 13, 2012) (quoting *Furst v. Einstein Moomjy, Inc.*, 182 N.J. 1, 22 (2004)) (internal quotes omitted). A court may deviate from the "forum rate" where "the special expertise of counsel from a distant district is shown." *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 704 (3d Cir. 2005), *as amended* (Nov. 10, 2005). Ultimately, a court determines what attorneys' fees are reasonable in a particular case and context. *See e.g.*,

3

*Grow Co., Inc.*, 424 N.J. Super. at 363-69. Remarkably, in their Motion, *Defendants do not cite a single case* that has held that a fee provision is not enforceable unless "reasonableness" is defined. *See* Defs. MSJ at 3-7.

Attorneys' fees provisions based on reasonableness have been routinely upheld and enforced against a breaching franchisee. For example, in *Ramada Worldwide, Inc. v. Courtney Hotels USA, LLC*, No. 11-896 (WHW), 2012 WL 924385, at \*7 (D.N.J. Mar. 19, 2012),[3] this Court awarded attorneys' fees to the plaintiffs under a provision virtually identical to Section 17.4 of the License Agreement at issue in this case. Compare the following:

> ***Ramada***: 17.4 **Remedies**. Remedies specified in this Agreement are cumulative and do not exclude any remedies available at low or in equity. The non-prevailing party will pay all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party to enforce this Agreement or collect amounts under this Agreement.

*Ramada Worldwide, Inc.*, No 11-896, ECF No. 1-1, attached as Pls. Ex. 1; *with*

> **This matter**: 17.4 **Remedies**. Remedies specified in this Agreement are cumulative and do not exclude any remedies at law or in equity. The non-prevailing party will pay all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party to enforce this Agreement or collect amounts owed under this Agreement.

ECF No. 65, Ex. 1. *See also Jackson Hewitt, Inc. v. Barnes Enters.*, No. 10-cv-05108 (DMC)(JAD), 2012 WL 1600572, at \*3-4 (D.N.J. May 7, 2012) (awarding attorneys' fees and costs where franchise agreement made clear that plaintiff was entitled to such award

---

[3] Additional examples abound. *See, e.g.*, *Super 8 Worldwide, Inc. v. Gajanan Corp.*, No. 14-5967, 2015 WL 1954463, at \*3 (D.N.J. Apr. 28, 2015) (awarding attorneys' fees where "the Franchise Agreement expressly authorizes" it); *Ramada Worldwide, Inc. v. Van Horn Hosp., LLC*, No. 13-7105, 2015 WL 150090, at \*3 (D.N.J. Jan. 12, 2015) (same).

notwithstanding the fact that the agreement did not define "reasonable attorneys' fees"). These courts determined the amount of fees based on the record and their own expertise and experience.[4]

## II.    The Wyndham Plaintiffs Have Produced Evidence Supporting the Reasonableness of Their Claimed Fees.

Defendants inexplicably argue that "the Wyndham Plaintiffs have failed to produce any evidence that their fees are reasonable." Defs. MSJ at 7. That statement is neither relevant nor true. The reasonableness or amount of the Wyndham Plaintiffs' fees is not yet before the Court. Moreover, contrary to Defendants' statement, the Wyndham Plaintiffs have produced, among other things, hourly billing records, testimony from a corporate representative regarding the review, approval, and payment of those bills, discovery responses and documents verifying that all amounts were paid, and an expert report and deposition from the Honorable Donald Steckroth (ret.) that "[t]he hourly rates charged by DLA Piper are reasonable and within the range of hourly rates that normally are charged by competent counsel for complex litigation in the relative area, namely Philadelphia." Pls. Ex. 2 (excerpt of billing records), Defs. SMF Ex. D (January 4, 2024 Deposition Transcript of Marcus Banks), and Pls. Ex. 3 at 9 (Steckroth Report). Again, Defendants may disagree with the amount of fees and costs, but they cannot establish and certainly have not established that all of the fees and costs incurred by Plaintiffs are unreasonable as a matter of law or fact.

The reasonableness of fees and costs is a question for the factfinder, which, in this case, is the Court. *See* License Agreement § 17.6.4 (waiving the right to a jury trial "in any action related

---

[4] The Wyndham Plaintiffs are also entitled to interest on the reasonable attorneys' fees and costs they incurred in defending the Underlying Actions. *See* Plaintiff's SMF ¶ 7; ECF No. 65, License Agreement § 7.3; *see also Travelodge Hotels, Inc. v. Durga, LLC*, No. 15-8412 (CCC), 2024 WL 4345051, at *14 (D.N.J. Sept. 30, 2024) (enforcing Section 7.3 of the Franchise Agreement at the rate of 1.5% per month).

to [the License Agreement]"). The Wyndham Plaintiffs *did* produce evidence in support of the fees sought. *See, e.g.*, Pls. Ex. 2 (excerpt of billing records); Pls. Ex. 3 (Steckroth Report); *see also* Pls. Resp. to Defendant's SMF ¶ 34. Records that describe the work completed, the applicable rate, and the amount due are sufficient to establish attorneys' fees. *See Mariner's Bank v. Demetrakis*, No. L-4337-20, 2021 N.J. Super. Unpub. LEXIS 2246, *11 (N.J. Sup. May 4, 2021). The Wyndham Plaintiffs have produced such records, including detailed billing reports showing the activities and rates of each attorney who billed time defending each of the Underlying Actions. *See* Pls. Ex. 2 (excerpt of billing records). The Wyndham Plaintiffs also have provided discovery, depositions, and an expert. *See* Defs. SMF Ex. D; Pls. Ex. 3. Again, Defendants are not entitled to summary judgment based on the argument that the Wyndham Plaintiffs cannot support any amount of fees or costs.

Courts routinely separate liability and damages proceedings, particularly, as in this case, where a liability determination is appropriate as a matter of law at summary judgment and assessing damages requires a factual inquiry. *See, e.g.*, *Red Roof Franchising, LLC v. AA Hosp. Northshore, LLC*, 877 F. Supp. 2d 140, 159 (D.N.J. 2012) (finding liability at summary judgment—*i.e.*, franchisor defendants entitled to attorneys' fees—and setting a briefing schedule to determine damages and fees). The Court should do so here. As in *Red Roof*, here, "Defendants do not dispute the provision in the franchise agreement or guarantee awarding reasonable attorneys' fees and costs." *Id.* at 154; *see generally* Defs. MSJ. Defendants' Motion challenges reasonableness, as to which there clearly is a factual dispute that will be addressed by the Court upon evaluating the evidence. *See Pocono Mountain Sch. Dist. v. T. D.*, No. 22-1787, 2023 WL 2983501, at *5 (3d Cir. Apr. 18, 2023) (reversing lower court for failing to hold a hearing on the reasonableness of fees and ordering such a hearing be held).

**CONCLUSION**

For the foregoing reasons, the Wyndham Plaintiffs respectfully request that the Court deny

Defendants' Motion, grant the Wyndham Plaintiffs' motion for summary judgment as to liability

(ECF No. 65), and order proceedings to determine the appropriate damages.


Dated:  February 4, 2025

Respectfully submitted,
**DLA PIPER LLP (US)**

*s/ David S. Sager*
David S. Sager, Esq.
51 John F. Kennedy Parkway, Suite 120
Short Hills, New Jersey 07078-2704
Tel.: (973) 520-2570
Fax: (973) 215-2604
Email: david.sager@us.dlapiper.com

Nathan P. Heller, Esq.
One Liberty Place
1650 Market Street, Suite 5000
Philadelphia, Pennsylvania 19103-7300
Tel.: (215) 656-3372
Fax: (215) 606-3372
Email: nathan.heller@us.dlapiper.com

*Attorneys for Plaintiffs*
*Days Inns Worldwide, Inc.,*
*Wyndham Hotel Group, LLC,*
*and Wyndham Hotels & Resorts, Inc.*

## CERTIFICATE OF SERVICE

I, David S. Sager, hereby certify that on February 4, 2025, a true copy of Defendants Days Inns Worldwide, Inc., Wyndham Hotel Group, LLC, and Wyndham Hotels & Resorts, Inc.'s ***Memorandum in Opposition to Defendants' Motion for Summary Judgment*** was filed with the Clerk of the Court and served upon all counsel of record through the Court's CM/ECF filing system.

Dated: February 4, 2025

Respectfully submitted,

*s/ David S. Sager*
David S. Sager, Esq.

8