# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAYS INNS WORLDWIDE, INC., WYNDHAM HOTEL GROUP, LLC, and WYNDHAM HOTELS & RESORTS, INC., | Civil Action No.: 2:22-cv-04822-BRM-CLW |
| Plaintiffs, | Motion Day: February 18, 2025 (Oral Argument Requested) |
| v. | |
| 4200 ROSE HOSPITALITY LLC, INDRA PATEL, and JYOTI PATEL, | |
| Defendants. | *Document Electronically Filed* |

**PLAINTIFFS DAYS INNS WORLDWIDE, INC., WYNDHAM HOTEL GROUP, LLC, AND WYNDHAM HOTELS & RESORTS, INC.'S REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT**

**DLA PIPER LLP (US)**
David S. Sager, Esq.
51 John F. Kennedy Parkway, Suite 120
Short Hills, New Jersey 07078-2704
david.sager@us.dlapiper.com

Nathan P. Heller, Esq.
One Liberty Place
1650 Market Street, Suite 5000
Philadelphia, Pennsylvania 19103-7300
nathan.heller@us.dlapiper.com

*Attorneys for Plaintiffs*
*Days Inns Worldwide, Inc.,*
*Wyndham Hotel Group, LLC,*
*and Wyndham Hotels & Resorts, Inc.*

## **TABLE OF CONTENTS**

                                                              **Page**

INTRODUCTION ............................................................................................................. 1

ARGUMENT .................................................................................................................... 2

    I.     The Indemnification Provisions of the License Agreement and Guaranty Are Not Vague or Ambiguous...................................................................................................2

    II.    The Wyndham Plaintiffs Have Produced Evidence Supporting the Reasonableness of Their Claimed Fees. ..................................................................................................4

CONCLUSION................................................................................................................... 5

i

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Boyd v. City of Jersey City*,
No. 15-0026 (ES) (MAH), 2018 WL 2958468 (D.N.J. June 13, 2018) ....................1

*Donovan v. Dragados, S.A.*,
No. 09-409 (KSH), 2014 WL 12769388 (D.N.J. May 6, 2014) ................................3

*Donovan v. Dragados, S.A.*,
No. 09-409 (KSH) (CW), 2015 WL 12838831 (D.N.J. June 29, 2015) ...................3

*Furst v. Einstein Moomjy, Inc.*,
182 N.J. 1 (2004) .......................................................................................................2

*Grow Co., Inc. v. Chokshi*,
424 N.J. Super. 357 (App. Div. 2012) ......................................................................2

*Hansen v. Rite Aid Corp.*,
253 N.J. 191 (2023) ..................................................................................................2

*Hunt Const. Grp., Inc. v. Hun Sch. of Princeton*,
No. 08-3550, 2012 WL 113606 (D.N.J. Jan. 13, 2012)............................................2

*Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*,
426 F.3d 694 (3d Cir. 2005)......................................................................................2

*Juster Acquisition Co. LLC v. N. Hudson Sewerage Auth.*,
No. 12-3427 (JLL), 2014 WL 268652 (D.N.J. Jan. 23, 2014)..................................1

*Mariner's Bank v. Demetrakis*,
No. L-4337-20, 2021 N.J. Super. Unpub. LEXIS 2246
(N.J. Sup. May 4, 2021).............................................................................................4

*N.J. Bldg. Laborers' Statewide Pension Fund v. Innovative Design & Dev., Inc.*,
No. 22-02470, 2024 WL 2291965 (D.N.J. May 20, 2024).......................................1

*Pemberton v. Pappas*,
No. 20CV4411 (EP) (AME), 2024 WL 2861900 (D.N.J. June 5, 2024)..................1

*Pocono Mountain Sch. Dist. v. T. D.*,
No. 22-1787, 2023 WL 2983501 (3d Cir. Apr. 18, 2023) ........................................5

*Powell v. Pa. R.R. Co.*,
267 F.2d 241 (3d Cir. 1959)......................................................................................3

*Ramada Worldwide, Inc. v. Courtney Hotels USA, LLC*,
   No. 11-896 (WHW), 2012 WL 924385 (D.N.J. Mar. 19, 2012) ..............................................3

*Ramada Worldwide, Inc. v. Van Horn Hosp., LLC*,
   No. 13-7105, 2015 WL 150090 (D.N.J. Jan. 12, 2015) ............................................................3

*Red Roof Franchising, LLC v. AA Hosp. Northshore, LLC*,
   877 F. Supp. 2d 140 (D.N.J. 2012) ..........................................................................................4

*Rendine v. Pantzer*,
   141 N.J. 292 (1995) ..............................................................................................................2, 4

*Super 8 Worldwide, Inc. v. Gajanan Corp.*,
   No. 14-5967, 2015 WL 1954463 (D.N.J. Apr. 28, 2015) .........................................................3

*Matter of Tr. of Brown*,
   213 N.J. Super. 489 (App. Div. 1986) .....................................................................................3

**Other Authorities**

L. Civ. R. 56.1 .................................................................................................................................1

## INTRODUCTION[1]

As a threshold matter, Defendants' response to the Wyndham Plaintiffs' Statement of Undisputed Material Facts (ECF No. 67-1) does not comply with Local Civil Rule 56.1 insofar as to the sixteen (16) paragraphs that Defendants purport to dispute, they only provide citations to the record for four (4) (Defendants' Statement ¶¶ 12, 14, 25 28); each of the remaining twelve (12) paragraphs have no citations to the record and should be deemed admitted.[2] Moreover, Defendants do not dispute entering into the License Agreement and Guaranty and, having cross-moved for summary judgment, they acknowledge that this matter is ripe for resolution on summary judgment. Yet, Defendants' Opposition (ECF No. 67, "Opp.") attempts to avoid judgment against them based on two arguments. First, Defendants argue that the License Agreement and Guaranty, documents they entered into in 2008, are unenforceable because "reasonable attorneys' fees" is not defined. Second, Defendants argue that the Wyndham Plaintiffs have provided "no support" for the reasonableness of their fees. Defendants' first argument is wrong as a matter of law, and their second is undermined by the undisputed facts.

---

[1] Unless otherwise stated, capitalized terms have the same meaning as they did in the Wyndham Plaintiffs' brief in support of their Motion for Summary Judgment (ECF No. 65).

[2] Local Civil Rule 56.1 requires that motions for summary judgment be accompanied by a statement of material facts not in dispute with citations to the relevant supporting documents. L. Civ. R. 56.1(a). Therefore, "any statement, or portion thereof, that is not clearly denied – in substance, not merely with the label 'disputed' – and with a proper citation to the record in a responsive Rule 56.1 statement is deemed admitted." *N.J. Bldg. Laborers' Statewide Pension Fund v. Innovative Design & Dev., Inc.*, No. 22-02470, 2024 WL 2291965, at *4 n.2 (D.N.J. May 20, 2024) (citing *Boyd v. City of Jersey City*, No. 15-0026 (ES) (MAH), 2018 WL 2958468, at *1 n.2 (D.N.J. June 13, 2018); *Juster Acquisition Co. LLC v. N. Hudson Sewerage Auth.*, No. 12-3427 (JLL), 2014 WL 268652, at *1 n.1 (D.N.J. Jan. 23, 2014)). If a non-movant does not agree with a fact, it must "state each material fact in dispute and cite to the affidavits and other documents submitted in connection with the motion." *Pemberton v. Pappas*, No. 20CV4411 (EP) (AME), 2024 WL 2861900, at *1 n.2 (D.N.J. June 5, 2024) (citation and internal quotation marks omitted). Otherwise, "any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion." *Id.*

**ARGUMENT**

I. **The Indemnification Provisions of the License Agreement and Guaranty Are Not Vague or Ambiguous.**

Defendants "do not dispute that they entered into a License Agreement or Guaranty" or that Defendants "may have owed indemnity under a certain set of circumstances." Opp. at 3, 6. Instead, Defendants argue that the Wyndham Plaintiffs cannot recover "reasonable attorneys' fees" because "reasonableness" is not defined in the contract. Defendants, however, offer *no authority* for their position, and the cases make clear that the term "reasonable" is enforceable.

Courts evaluate the "reasonableness" of attorneys' fees by establishing a "lodestar," *i.e.*, the "number of hours reasonably expended multiplied by a reasonable hourly rate." *Hansen v. Rite Aid Corp.*, 253 N.J. 191, 215 (2023). A reasonable hourly rate is based on a number of factors, including "similar services by lawyers of reasonably comparable skill, experience, and reputation in the community." *Hunt Const. Grp., Inc. v. Hun Sch. of Princeton*, No. 08-3550, 2012 WL 113606, at *4–5 (D.N.J. Jan. 13, 2012) (quoting *Furst v. Einstein Moomjy, Inc.*, 182 N.J. 1, 22 (2004)) (internal quotes omitted); *see generally Rendine v. Pantzer*, 141 N.J. 292 (1995) (discussing at length factors for determining a lodestar reasonableness rate and for enhancements of that rate). A court may deviate from the "forum rate" where "the special expertise of counsel from a distant district is shown." *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 704 (3d Cir. 2005), *as amended* (Nov. 10, 2005). Courts should view the "reasonableness" of fees in each case and context in light of standards established by the highest court of the jurisdiction and the court's judicial experience and expertise in ruling on fee recovery requests. *See e.g.*, *Grow Co., Inc. v. Chokshi*, 424 N.J. Super. 357, 363-69 (App. Div. 2012).

Section 8.2 of the License Agreement requires 4200 Rose Hospitality to "reimburse the Indemnitee for all costs of defending the matter, including reasonable attorneys' fees, incurred by

2

the Indemnitee ….," and Section 17.4 provides that "[t]he non prevailing party will pay all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party to enforce this Agreement or collect amounts owed under this Agreement." Courts have the ability and discretion to determine the reasonableness of attorneys' fees under such provisions because the courts are "'expert on the question, and may consider [their] own knowledge and experience concerning reasonable and proper fees, and, in the light of such knowledge and experience, the court may form an independent judgment.'" *Matter of Tr. of Brown*, 213 N.J. Super. 489, 508 (App. Div. 1986) (quoting *Powell v. Pa. R.R. Co.*, 267 F.2d 241, 245 (3d Cir. 1959)); *see also Donovan v. Dragados, S.A.*, No. 09-409 (KSH), 2014 WL 12769388, at *14 (D.N.J. May 6, 2014) (special master report evaluating evidence as to the reasonableness of rates and fees and recommending awards), *adopted by the District Court*, *Donovan v. Dragados, S.A.*, No. 09-409 (KSH) (CW), 2015 WL 12838831, at *1 (D.N.J. June 29, 2015)).

In the franchise context, this Court has routinely enforced attorneys' fees provisions like those in the License Agreement and Guaranty at issue in this case. *See, e.g., Ramada Worldwide, Inc. v. Courtney Hotels USA, LLC*, No. 11-896 (WHW), 2012 WL 924385, at *7 (D.N.J. Mar. 19, 2012) (enforcing prevailing party provision referring to "reasonable" attorneys' fees); *Super 8 Worldwide, Inc. v. Gajanan Corp.*, No. 14-5967, 2015 WL 1954463, at *3 (D.N.J. Apr. 28, 2015) (same); *Ramada Worldwide, Inc. v. Van Horn Hosp., LLC*, No. 13-7105, 2015 WL 150090, at *3 (D.N.J. Jan. 12, 2015) (same). Defendants, on the other hand, *do not cite a single case* that has held that a fee provision is unenforceable unless "reasonableness" is expressly defined. *See* Defs. MSJ at 3-7; Opp. at 3-6.

3

**II.     The Wyndham Plaintiffs Have Produced Evidence Supporting the Reasonableness of Their Claimed Fees.**

Defendants argue that the Wyndham Plaintiffs have not provided "supporting evidence" to demonstrate the reasonableness of their fees. Opp. at 7. The *amount* of the Wyndham Plaintiff's fees is not yet before the Court, but the Wyndham Plaintiffs have provided such supporting evidence in any event, including (i) hourly billing records, (ii) testimony from a corporate representative regarding the review, approval, and payment of those bills, (iii) discovery responses and documents verifying that all amounts were paid, and (iv) an expert report and deposition from the Honorable Donald Steckroth (ret.) concluding the rates charged were reasonable. ECF No. 70 (excerpt of billing records), Defs. SMF Ex. D (January 4, 2024 Deposition Transcript of Marcus Banks), and ECF No. 69-3 at 9 (Steckroth Report).

Records that describe the work completed, the applicable rate, and the amount due are sufficient to establish attorneys' fees. *See Mariner's Bank v. Demetrakis*, No. L-4337-20, 2021 N.J. Super. Unpub. LEXIS 2246, *11 (N.J. Sup. May 4, 2021). Courts evaluate these records, and other evidence, for reasonableness. *Rendine*, 141 N.J. at 337. The Wyndham Plaintiffs have produced such records, including detailed billing reports showing the activities and rates of each attorney. *See* ECF No. 70 (excerpt of billing records). The Wyndham Plaintiffs also produced a corporate representative to confirm review and payment of the fees, as well as testimony from Judge Steckroth, who opined that "[t]he hourly rates charged by DLA Piper are reasonable and within the range of hourly rates that normally are charged by competent counsel for complex litigation in the relative market area, namely Philadelphia." ECF No. 69-3 at 9 (Steckroth Report).

This Motion seeks judgment as to liability, not a determination on the amount of fees owed. Courts routinely separate liability and damages proceedings. *See, e.g.*, *Red Roof Franchising, LLC v. AA Hosp. Northshore, LLC*, 877 F. Supp. 2d 140, 159 (D.N.J. 2012) (finding liability at summary

4

judgment—*i.e.*, franchisor defendants entitled to attorneys' fees—and setting a briefing schedule to determine damages and fees). Defendants do not dispute the License Agreement and Guaranty include provisions awarding reasonable attorneys' fees. *See* ECF No. 64-2 at 4, 7 (Defendants acknowledging such provisions). Defendants challenge the weight of the Wyndham Plaintiffs' evidence—arguing it does not support the amount of fees sought. Defendants have failed to show any grounds to deny the Wyndham Plaintiffs' entitlement to judgment as a matter of law as to liability. *See Pocono Mountain Sch. Dist. v. T. D.*, No. 22-1787, 2023 WL 2983501, at *5 (3d Cir. Apr. 18, 2023) (reversing lower court for failing to hold a hearing on the reasonableness of fees and ordering such a hearing be held).

## CONCLUSION

For the foregoing reasons and those in the Wyndham Plaintiff's brief in support of their summary judgment motion (ECF No. 65), the Wyndham Plaintiffs respectfully request the Court grant the motion.

Dated: February 11, 2025

                                                  Respectfully submitted,
**DLA PIPER LLP (US)**

*s/ David S. Sager*
David S. Sager, Esq.
51 John F. Kennedy Parkway, Suite 120
Short Hills, New Jersey 07078-2704
Tel.: (973) 520-2570
Fax: (973) 215-2604
Email: david.sager@us.dlapiper.com

Nathan P. Heller, Esq.
One Liberty Place
1650 Market Street, Suite 5000
Philadelphia, Pennsylvania 19103-7300

5

Tel.: (215) 656-3372
Fax: (215) 606-3372
Email: nathan.heller@us.dlapiper.com

*Attorneys for Plaintiffs*
*Days Inns Worldwide, Inc.,*
*Wyndham Hotel Group, LLC,*
*and Wyndham Hotels & Resorts, Inc.*

6

## **CERTIFICATE OF SERVICE**

I, David S. Sager, hereby certify that on February 11, 2025, a true and correct copy of Plaintiffs Days Inns Worldwide, Inc., Wyndham Hotel Group, LLC, and Wyndham Hotels & Resorts, Inc.'s ***Reply Memorandum in Further Support of their Motion for Partial Summary Judgment*** was filed with the Clerk of the Court and served upon all counsel of record through the Court's CM/ECF filing system.

Dated: February 11, 2025

Respectfully submitted,

*s/ David S. Sager*
David S. Sager, Esq.
