IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAYS INN WORLDWIDE, INC., WYNDHAM HOTEL GROUP, LLC, and WYNDHAM HOTELS & RESORTS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> 4200 ROSE HOSPITALITY LLC, INDRA PATEL, and JYOTI PATEL, <br><br> Defendants. | CIVIL ACTION <br> 2:22-cv-04822-BRM-CLW <br><br> **REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS 4200 ROSE HOSPITALITY LLC, INDRA PATEL AND JYOTI PATEL** <br><br> **ORAL ARGUMENT REQUESTED** |

Pursuant to Rule 56 of the Federal Rules of Civil Procedure D.N.J. Civ. R. 7.1, Defendants, 4200 Rose Hospitality LLC ("4200 Rose Hospitality"), Indra Patel ("Mr. Patel") and Jyoti Patel ("Ms. Patel") (collectively, "Defendants"), by and through their undersigned counsel, hereby submit the following Reply Brief in Support of their Motion for Summary Judgment. Defendants hereby incorporate their Motion for Summary Judgment and Memorandum of Law in Support as though fully set forth at length herein.

Days Inn Worldwide, Inc., Wyndham Hotel Group, LLC, and Wyndham Hotels & Resorts, Inc. (collectively, the "Wyndham Plaintiffs"), have lost the plot. First, the fact that a material term to the contract is not defined is what makes the indemnity provision unenforceable as a matter of law. "For a contract to be enforceable there must be a meeting of the minds for each material term to an agreement." Read v. Profeta, 397 F. Supp. 3d 597, 626 (D.N.J. 2019) (citations omitted). This simple, basic premise of contract law is at the heart of this dispute, because the "reasonable attorneys' fees" ***are not*** defined anywhere in the License Agreement, thus rendering them, at best, vague and ambiguous. As discussed in Defendants' Motion, the

1

mere fact that there is a disagreement as to the meaning of this term is what renders this provision ambiguous and vague. See, e.g., Twp. of White v. Castle Ridge Dev. Corp., 419 N.J. Super. 68, 74, 16 A.3d 399, 403 (App. Div. 2011). This failure on the part of the Wyndham Plaintiffs, as drafters of the License Agreement, to define the terms of the indemnity provision more clearly, is fatal to its clear interpretation and enforcement. If the parties cannot reach a clear understanding of the terms, then, by definition, the License Agreement must be considered unenforceable.

Secondly, the Wyndham Plaintiffs' assertion that they have produced evidence to support the reasonableness of their fees is risible. The License Agreement is not a blank check for the Wyndham Plaintiffs to go on a shopping spree, and then hand the bill to Defendants, without at least discussing with Defendants the shopping list beforehand or reviewing the list of what was purchased after the fact. See Clemens v. New York Cent. Mut. Fire Ins. Co., 903 F.3d 396, 402 (3d Cir. 2018). The Wyndham Plaintiffs not only failed to notify Defendants of their counsel of choice prior to choosing DLA Piper and accruing the unreasonable fees in defending the Underlying Actions, they also failed to substantiate those fees in this action here.[1] For example, the Wyndham Plaintiffs have failed to produce responses to Defendants' discovery requests regarding audits, billing practices, and the Wyndham Plaintiffs' compliance with their own outside counsel terms and conditions; witnesses for depositions that could verify such

---

[1] In Balducci v. Cige, 240 N.J. 574 (2020), the Supreme Court of New Jersey observed the truism that agreements should be fair and understandable, and oral assurances provided by the attorney should not vary from the written text in the agreement itself. Id. at 580. Further, the "paramount principle guiding every fee arrangement" is the requirement that the fee be ***reasonable***, under Rule of Professional Conduct 1.5(a), and fee agreements which contravene the Rules of Professional Conduct are unenforceable. Id. at 592. Thus, a lawyer has a duty to explain the matter to the extent reasonably necessary to the client for informed decision-making, and may not make any false or misleading communications regarding legal fees; the court can consider the factors and circumstances surrounding the agreement, which include the client's level of sophistication. Id. at 593. Here, the Wyndham Plaintiffs did not explain, and to date has not even explained even in this litigation to a satisfactory extent, the fee arrangement with DLA Piper, let alone in such a way to comply with this standard.

compliance; affidavits supporting their billing rates, practices, experience, or work performed; or an affirmative expert to support those billing practices and procedures, compliance with the terms and conditions, or explanation as to how the Wyndham Plaintiffs' counsel's billing schedules and rates conform with the so-called "lodestar" method or RPC 1.5(a). Instead, the Wyndham Plaintiffs merely assert that they were charged fees for purported legal work performed by their counsel in the Underlying Actions, and paid their bills (again, without even providing evidence in discovery that they paid those bills by, e.g., producing copies of cancelled checks despite receiving discovery requests for such items), and, therefore, the bills were "reasonable" and they are entitled to reimbursement from Defendants, dollar-for-dollar. They ask the Court to determine that, because of their own ipse dixit, because they paid their legal bills, they were reasonable and therefore Defendants should compensate them pursuant to an unenforceable indemnity provision, without substantiating evidence. The Wyndham Plaintiffs have failed to carry their burden and therefore summary judgment should be granted in Defendants' favor.

      Finally, even if this Court were to take all of the material provided by the Wyndham Plaintiffs to be accurate, it would necessarily have to determine that the Wyndham Plaintiffs failed to meet the reasonableness standard under New Jersey law at this juncture, thus requiring that this matter be submitted to a fact finder. The reasonableness must be measured against factors that include, but are not limited to, fees charged in the jurisdiction where the Underlying Actions were litigated, against fees charged to litigate similar (or, in this case, the very same!) matters, the time and labor required, and how that time affected the outcome of the litigation. This Court is charged with the ability to exercise its discretion to look at the totality of the information before it, in conjunction with the lodestar and RPC 1.5(a) and deny or, alternatively,

3

limit the Wyndham Plaintiff's claims. Clemens, 903 F.3d at 403. If this Court did not exercise its discretion in curbing such a blatant, unsubstantiated, and supported overreach as here, "claimants would be encouraged to make unreasonable demands . . . ." Id. Simply put, the Wyndham Plaintiffs are attempting to shove counsel fees onto Defendants that Defendants never agreed to, before or after the litigations, and that the Wyndham Plaintiffs did not have even the courtesy to discuss with them, while hiding behind the veneer of an unenforceable License Agreement. For these reasons, Defendants' Motion for Summary Judgment should be granted, and the Wyndham Plaintiffs' claims against them should be dismissed, with prejudice.

Respectfully submitted,

By: */s/ Conrad James Benedetto*
**McCORMICK & PRIORE, P.C.**
Philip D. Priore, Esquire
NJ I.D. No. 002261997
Conrad James Benedetto, Esquire
NJ I.D. No. 0007342011
Susan Keesler, Esquire
NJ I.D. No. 010382012
2001 Market Street, Suite 3810
Philadelphia, PA 19103
(T) 215-972-0161
(F) 215-972-5580
email:  ppriore@mccormickpriore.com
              cbenedetto@mccormickpriore.com
              skeesler@mccormickpriore.com
*Attorneys for Defendants*
*4200 Rose Hospitality LLC, Indra Patel*
*and Jyoti Patel*

Date: January 17, 2025

4