<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

DAYS INNS WORLDWIDE, INC., WYNDHAM HOTEL GROUP, LLC, and WYNDHAM HOTELS & RESORTS, INC.,

    Plaintiffs,

v.

4200 ROSE HOSPITALITY LLC, INDRA PATEL, and JYOTI PATEL,

    Defendants.

Case No. 2:22-cv-04822 (BRM) (CLW)

**OPINION**

**MARTINOTTI, DISTRICT JUDGE**

    Before the Court are Motions for Summary Judgment and Partial Summary Judgment. The first is Defendants 4200 Rose Hospitality LLC ("4200 Rose Hospitality"), Indra Patel, and Jyoti Patel's (together, the "Patels") (collectively, "Defendants") Motion for Summary Judgment, pursuant to Federal Rule of Civil Procedure 56 ("Defendants' Motion"). (ECF No. 64.) The second is Plaintiffs Days Inns Worldwide, Inc. ("DIW"), Wyndham Hotel Group, LLC ("WHG"), and Wyndham Hotels & Resorts, Inc.'s ("WHR") (collectively, "Plaintiffs") Motion for Partial Summary Judgment, pursuant to Federal Rule of Civil Procedure 56 ("Plaintiffs' Motion"). (ECF No. 65.) Defendants filed an Opposition to Plaintiffs' Motion (ECF No. 67), and Plaintiffs filed an Opposition to Defendants' Motion (ECF No. 69). Both Plaintiffs (ECF No. 71) and Defendants (ECF No. 72) filed Replies in support of their respective motions. Having reviewed and considered the parties' submissions filed in connection with the Motions and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Defendants' Motion for Summary Judgment is **DENIED,** and

Plaintiffs' Motion for Partial Summary Judgment is **GRANTED in part and DENIED in part**.

I.  **BACKGROUND**

    A.  **Factual Background**

This matter arises from a contract dispute related to the License Agreement ("License Agreement") entered into by DIW and 4200 Rose Hospitality and personally guaranteed by the Patels. (*See generally* ECF No. 6.) Plaintiffs seek to recover their reasonable attorneys' fees for defending themselves against lawsuits pertaining to 4200 Rose Hospitality's guest lodging facility, in addition to the reasonable attorneys' fees for bringing this action in accordance with the License Agreement. (*Id.*) Specifically, Plaintiffs allege they are entitled to Contractual Indemnification (Count I) and Common Law/Equitable Indemnification (Count II) against 4200 Rose Hospitality as well as state a Breach of Guaranty Agreement by Guarantors (Count III) because "the Guarantors have failed to make any payments or to perform or cause 4200 Rose Hospitality to perform the obligations to indemnify and hold DIW, WHG, and WHR harmless." (*Id.* at 5–6.)

DIW "is a Delaware corporation that maintains a principal place of business in Parsippany, New Jersey." (ECF No. 65-2 ¶ 1.) WHG "is a Delaware limited liability company that maintains a principal place of business in Parsippany, New Jersey." (ECF No. 65-2 ¶ 2.) WHR "is a public, Delaware corporation that maintains a principal place of business in Parsippany, New Jersey" and "is currently the ultimate parent company of DIW" and sole member of WHG. (ECF No. 65-2 ¶¶ 3–4.) 4200 Rose Hospitality "is a Pennsylvania limited liability company with a principal place of business in Philadelphia, Pennsylvania," and it "no longer operates the Days Inn Facility located at 4200 Roosevelt Boulevard, Philadelphia, PA." (ECF No. 65-2 ¶ 5; ECF No. 67-1 ¶ 5.) The Patels are citizens of Pennsylvania and the sole members of 4200 Rose Hospitality with Indra Patel as the managing member. (ECF No. 65-2 ¶ 6; ECF No. 67-1 ¶ 6.) DIW and 4200 Rose Hospitality

2

entered into the License Agreement on April 23, 2008, whereby 4200 Rose Hospitality would operate a "116-room Days Inn® guest lodging facility located at 4200 Roosevelt Boulevard, Philadelphia, Pennsylvania 19124 (the 'Facility')." (ECF No. 65-2 ¶ 7; ECF No. 67-1 ¶ 7.) In conjunction with entering into the License Agreement, the Patels "provided DIW with a Guaranty in which they agreed, among other things, that . . . 'if 4200 Rose Hospitality defaulted under the License Agreement, Indra Patel and Jyoti Patel guaranteed they would "immediately make each payment and perform or cause [4200 Rose Hospitality] to perform, each unpaid or unperformed obligation of [4200 Rose Hospitality] under the Agreement."'" (ECF No. 65-2 ¶ 7; *see* ECF No. 67-1 ¶ 8; *see also* ECF No. 64-3 ¶ 2.)

Integral to this lawsuit is the indemnification clause of the License Agreement:

> 8.1 Independent of your obligation to procure and maintain insurance, you will indemnify, defend and hold the Indemnitees harmless, to the fullest extent permitted by law, from and against all Losses and Expenses, incurred by any Indemnitee for any investigation, claim, action, suit, demand, administrative or alternative dispute resolution proceeding, relating to or arising out of any transaction, occurrence or service at, or involving the operation of, the Facility, any payment you make or fail to make to us, any breach or violation of any contract or any law, regulation or ruling by, or any act, error or omission (active or passive) of, you, any party associated or affiliated with you or any of the owners, officers, directors, employees, agents or contractors of you or your affiliates, including when you are alleged or held to be the actual, apparent or ostensible agent of the Indemnitee, or the active or passive negligence of any Indemnitee is alleged or proven. You have no obligation to indemnify an Indemnitee for damages to compensate for property damage or personal injury if a court of competent jurisdiction makes a final decision not subject to further appeal that the Indemnitee engaged in willful misconduct or intentionally caused such property damage or bodily injury. This exclusion from the obligation to indemnify shall not, however, apply if the property damage or bodily injury resulted from the use of reasonable force by the Indemnitee to protect persons or property.
>
> 8.2 You will respond promptly to any matter described in the preceding paragraph and defend the Indemnitee. You will reimburse the Indemnitee for all costs of defending the matter, including

3

> reasonable attorneys' fees, incurred by the Indemnitee if your insurer or you do not assume defense of the Indemnitee promptly when requested, or separate counsel is appropriate, in our discretion, because of actual or potential conflicts of interest. We must approve any resolution or course of action in a matter that could directly or indirectly have any adverse effect on us or the Chain, or could serve as a precedent for other matters.

(ECF No. 65-2 ¶ 12; *see* ECF No. 67-1 ¶ 12.) The License Agreement defines "Indemnitee" as DIW, "[its] direct and indirect parent, subsidiary and sister corporations, and the respective officers, directors, shareholders, employees, agents and contractors, and the successors, assigns, personal representatives, heirs and legatees of all such persons or entities." (ECF No. 65-2 ¶ 13; *see* ECF No. 67-1 ¶ 13.) Further, "[p]ursuant to Section 17 of the License Agreement, 4200 Rose Hospitality agreed that the License Agreement would be governed by the laws of the state of New Jersey and that the non-prevailing party to an action seeking to enforce the License Agreement would cover the costs of such action." (ECF No. 65-2 ¶ 14; *see* ECF No. 67-1 ¶ 14.) The applicable provision specifies:

> 17.4 Remedies. Remedies specified in this Agreement are cumulative and do not exclude any remedies available at law or in equity. The non-prevailing party will pay all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party to enforce this Agreement or collect amounts owed under this Agreement.

(*Id.*)

Between 2019 and 2022, individual plaintiffs filed nine separate actions against various defendants (the "Underlying Actions")[1], including suit between Plaintiffs and 4200 Rose

---

[1] The underlying actions are: "(i) *C.A. v. Roosevelt Inn, LLC, et al.*, No. 190303355 (Pa. C.C.P. – Phila. Cnty.); (ii) *B.H. v. Roosevelt Inn LLC, et al.*, No. 190303356 (Pa. C.C.P. – Phila. Cnty.); (iii) *K.R. v. Roosevelt Inn LLC, et al.*, No. 191100552 (Pa. C.C.P. – Phila. Cnty.); (iv) *T.E. v. 4200 Roosevelt LLC, et al.*, No. 200900994 (Pa. C.C.P. – Phila. Cnty.); (v) *V.S. v. 4200 Roosevelt LLC, et al.*, No. 200900997 (Pa. C.C.P. – Phila. Cnty.); (vi) *K.C. v. 4200 Roosevelt LLC, et al.*, No. 210101926 (Pa. C.C.P. – Phila. Cnty.); (vii) *D.P. v. Catholic Social Services, et al.*, No. 220401713 (Pa. C.C.P. – Phila. Cnty.); (viii) *L.E. v. 4200 Roosevelt LLC, et al.*, No. 220500957 (Phila C.C.P.

Hospitality, alleging they were victims of sex trafficking at hotels in the Philadelphia area, including the Facility. (ECF No. 64-3 ¶ 2; ECF No. 65-2 ¶¶ 15–16, 21; *see* ECF No. 67-1 ¶¶ 15–16, 21.) Plaintiffs "provided to 4200 Rose Hospitality notice of and demanded indemnification in relation to each of the Underlying Actions." (ECF No. 65-2 ¶ 22; *see* ECF No. 67-1 ¶ 22.) "Likewise, the [] Plaintiffs notified 4200 Rose Hospitality's insurer, Erie [Insurance Exchange ("Erie")], as to the lawsuits and its indemnification obligations pursuant to the operative insurance coverage." (ECF No. 65-2 ¶ 23; *see* ECF No. 67-1 ¶ 23.) Plaintiffs state "4200 Rose Hospitality did not respond to the [] Plaintiff's notifications and requests and did not agree to indemnify the [] Plaintiffs or any of their affiliated entities." (ECF No. 65-2 ¶ 24; *see* ECF No. 67-1 ¶ 24.) Plaintiffs claim they retained DLA Piper LLP (US) ("DLA") to represent and defend them in the Underlying Actions (ECF No. 65-2 ¶ 25); however, Defendants claim Plaintiffs made the recommendation to their insurance carrier, Liberty Mutual, to retain DLA "to represent the [] Plaintiffs in the defense of the Underlying Actions, even though DLA Piper's rates were significantly higher than what Liberty Mutual [a]greed to pay." (ECF No. 64-3 ¶ 18; ECF No. 67-1 ¶ 25.) Defendants also contend, per a "fee agreement, and pursuant to the Wyndham Terms and Conditions, the [] Plaintiffs allegedly agreed to pay DLA Piper, as 'national counsel,' the 'delta,' or hourly rate, above and beyond what Liberty Mutual agreed to above for its attorneys' fees and costs, in their defense of the Underlying Actions." (ECF No. 64-3 ¶ 22.) Plaintiffs dispute this, admitting they had "reached an agreement with Liberty Mutual by which Liberty Mutual would cover a portion of the fees incurred for DLA Piper to defend the Underlying Actions, with the balance being paid by the [] Plaintiffs;" however, "[s]uch agreement was made subject to the reservation of all rights

---

– Phila. Cnty.); and (ix) *A.H. v. Roosevelt Inn, LLC, et al.*, No. 200102954 (Pa. C.C.P. – Phila. Cnty.)." (ECF No. 64-3 ¶ 2 n.2; *see* ECF Nos. 65-2 ¶ 15; 76 ¶ 3.)

5

on behalf of the [] Plaintiffs." (ECF No. 69-1 ¶ 22.)

"Each of the Underlying Actions were settled as to all parties as of March 28, 2023, with settlements paid by 4200 Rose Hospitality and its insurance carriers."[2] (ECF No. 65-2 ¶ 27.) Defendants emphasize that "Plaintiffs did not contribute one dollar towards any of the settlements, which was borne in their entirety by Defendants and related entities," which Plaintiffs do not dispute. (ECF Nos. 67-1 ¶ 27; 69-1 ¶ 8.) Defendants characterize the present lawsuit as the Plaintiffs "seek[ing] indemnification and reimbursement of their attorneys' fees and costs allegedly owed by Defendants pursuant to the License Agreement and Guaranty for the remaining [e]ight Underlying Actions in this Indemnity Action." (ECF No. 64-3 ¶ 10.) Plaintiffs clarify they

---

[2] "The *A.H. v. Roosevelt Inn, LLC, et al.*, No. 200102954 (Pa. C.C.P. – Phila. Cnty.) underlying action . . . was resolved in 2024, as it pertains to 4200 Rose Hospitality. Additionally, the indemnity action, as it pertains to the [action], specifically, has also been resolved, as it relates to fees and costs incurred by the [] Plaintiffs to defend the portion of the [action]." (ECF No. 64-3 ¶ 9.) Plaintiffs further explain this action:

> has been settled as to the claims arising from the Days Inn Facility but remains pending as to claims arising from the Ramada Facility. The portion of the indemnity action that sought reimbursement for the defense of the claims in the [action] arising from the Days Inn Facility has also been resolved. The fees and costs for defending the claims in the [action] arising from the Ramada Facility are not at issue in the [the lawsuit before the Court].

(ECF No. 69-1 ¶ 9.)
Notably, a joint Consent Order by the parties was entered by the Court for a Partial Dismissal of Claims as relates to the *A.H.* action. (ECF No. 76.) The parties specify that, in the other eight Underlying Actions, Erie is providing defense counsel to Defendants and those eight actions have been resolved. (*Id.* ¶ 4.) Likewise, Erie is providing defense counsel to Defendants in this New Jersey indemnity lawsuit as pertains to those same eight Underlying Actions. (*Id.*) Nationwide Property & Casualty Insurance Company ("Nationwide") provided defense counsel to Defendants for the *A.H.* action and was also providing defense counsel to Defendants in this New Jersey indemnity lawsuit as pertains to the *A.H.* action. (*Id.* ¶ 5.) The parties have jointly stipulated the present indemnification lawsuit has been resolved "as it relates to fees and costs incurred by Plaintiffs to defend the portion of the A.H. [] Action arising from or relating to the guest lodging facility operated by Defendants. The remaining claims in the A.H. [] Action do not relate to Defendants in the [present lawsuit]." (*Id.* ¶ 7.) Accordingly, "Plaintiffs stipulate and agree to dismiss all their claims against Defendants in the [present action], with prejudice, as they relate to the A.H. [] Action." (*Id.* ¶ 8.)

6

are not only "seeking indemnification for the fees and costs incurred to defend the eight Underlying Actions," but also "for the fees and costs of bringing the present indemnity matter." (ECF No. 69-1 ¶ 10.) Plaintiffs further emphasize they seek "pre-judgment interest on this amount at the rate of 18% as provided in the License Agreement and attorneys' fees and costs related to their efforts to enforce their indemnity rights under the License Agreement and Guaranty." (ECF No. 69-1 ¶ 14; *see* ECF No. 64-3 ¶ 10.) Plaintiffs point to Section 7.3 of the License Agreement as "entitl[ing] [DIW] to interest at a rate of 1.5% per month—or 18% per annum—on all amounts owed but unpaid under the License Agreement." (ECF. 65-1 at 8.)

**B.     Procedural Background**

On July 29, 2022, Plaintiffs filed a Complaint against Defendants. (ECF No. 1.) On August 1, 2022, the Court issued a Show Cause Order to the Plaintiffs to explain "why the matter should not be dismissed for lack of subject matter jurisdiction." (ECF No. 3.) On August 5, 2022, Plaintiffs filed an Amended Complaint against Defendants sufficiently setting forth subject matter jurisdiction. (ECF No. 6.) On August 30, 2022, Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint. (ECF No. 10.) On February 8, 2022, due to a change of counsel, the Court allowed Defendants to withdraw their Motion to Dismiss without Prejudice, "to be reinstated upon entry of appearance by new counsel for the Defendants in accordance with the underlying settlement involving Erie Insurance." (ECF No. 29; *see* ECF No. 27.) A subsequent motion to dismiss was never filed, and the parties began to conduct discovery. The Court ordered discovery to be completed by December 17, 2024, and dispositive motions to be filed by January 17, 2025. (ECF Nos. 62–63.)

On January 17, 2025, Defendants filed a Motion for Summary Judgment. (ECF No. 64.) On the same day, Plaintiffs filed a Motion for Partial Summary Judgment. (ECF No. 65.) On

7

February 4, 2025, Defendants filed an Opposition to Plaintiff's Motion (ECF No. 67), and, on the same day, Plaintiffs filed an Opposition to Defendant's Motion (ECF No. 69). On February 11, 2025, Plaintiffs filed a Reply in support of their Motion (ECF No. 71), and, on the same day, Defendants filed a Reply in support of their Motion (ECF No. 72). On March 14, 2025, the Court entered a Consent Order for Partial Dismissal of Claims and Withdrawal of Counsel as the parties jointly stipulated that the claims related to the ninth Underlying Action, *A.H. v. Roosevelt Inn*, have been resolved and are no longer part of the present lawsuit. (ECF No. 76.)

## II. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "On motions for summary judgment, the movant shall furnish a statement which sets forth material facts as to which there does not exist a genuine issue, in separately numbered paragraphs citing to the affidavits and other documents submitted in support of the motion." L. Civ. R. 56.1(a). A party asserting a genuine dispute of material fact must support the assertion by either "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). A factual dispute "is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party," and "is material only if it might affect the outcome of the suit under governing law." *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "Unsupported allegations, subjective beliefs, or argument

8

alone, however, cannot forestall summary judgment." *Read v. Profeta*, 397 F. Supp. 3d 597, 625 (D.N.J. 2019) (citations omitted). Irrelevant or unnecessary factual disputes will also not preclude a grant of summary judgment. *See Anderson*, 477 U.S. at 248. Moreover, "mere speculation does not create genuine issues of material fact." *Dellapenna v. Tredyffrin/Easttown Sch. Dist.*, 449 F. App'x 209, 215–16 (3d Cir. 2011) (citing *Robertson v. Allied Signal, Inc.*, 914 F.2d 360, 382 n.12 (3d Cir. 1990)).

The party moving for summary judgment has the initial burden of showing the basis for its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once a movant adequately supports its summary judgment motion, the burden shifts to the nonmovant to "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." *Id.* at 324. "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000) (quoting *Anderson*, 477 U.S. at 255). In other words, in deciding a party's summary judgment motion, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 255. "Summary judgment is appropriate only when there are no genuine issues of material fact, drawing all justifiable inferences in favor of the nonmovant." *Adams v. Fayette Home Care & Hospice*, 452 F. App'x 137, 139 (3d Cir. 2011) (citing *Anderson,* 477 U.S. at 248, 255).

If the moving party bears the burden of proof at trial, summary judgment is not appropriate if the evidence is susceptible to different interpretations or inferences by the trier of fact. *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999); *see also id.* at 553 n.9 (noting "summary judgment is rarely granted in a plaintiff's favor in cases where the issue is a defendant's racial motivation, such as disparate treatment suits under Title VII or racial discrimination claims under 42 U.S.C. § 1981"). On the other hand, if the non-moving party bears the burden of proof at trial, "summary judgment is warranted if the nonmovant fails to 'make a showing sufficient to establish the existence of an element essential to [its] case.'" *Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993) (alteration in original) (quoting *Celotex Corp.*, 477 U.S. at 322). A "genuine issue as to any material fact" cannot exist if a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322–23. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323. A material fact raises a "genuine" dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Williams v. Borough of W. Chester*, 891 F.2d 458, 459 (3d Cir. 1989) (quoting *Anderson*, 477 U.S. at 248).

### III. DECISION

Plaintiffs filed their Motion seeking Partial Summary Judgment in their favor regarding Defendants' obligation to indemnify Plaintiffs pursuant to the License Agreement and Guaranty, *i.e.*, on liability. (*See generally* ECF No. 65-1.) Specifically, Plaintiffs want Defendants to pay their "reasonable attorneys' fees and costs in defending the eight cases in accordance with section 8.1 of the License Agreement," the "contractual interest on that amount in accordance with section 7.3 of the License Agreement," and their "reasonable attorneys' fees and costs incurred in

10

prosecuting this action in accordance with section 17.4 of the License Agreement." (*Id.* at 2.) Plaintiffs argue "Defendants do not contest that they entered into the License Agreement or Guaranty, nor have they suggested that any of the pertinent language in those documents is ambiguous. The question, therefore, is whether Defendants satisfied their contractual obligations, and there is no dispute they have not." (*Id.* at 5.) Plaintiffs also contend the Patels "do not challenge the validity of the Guaranty that each Defendant individually executed in conjunction with the License Agreement," and because the Patels "do not dispute that they knowingly and voluntarily signed th[e] Guaranty, Plaintiffs are entitled to" enforce the indemnification provision of the License Agreement against them. (*Id.* at 8.)

Plaintiffs claim "[t]he question of Defendants' liability for indemnification under the License Agreement is ripe for resolution at summary judgment" since "summary judgment is an appropriate method of resolving disputes concerning indemnification agreements." (*Id.* at 6 (quoting *U.S. Fidelity & Guar. Co. v. Feibus*, 15 F. Supp. 2d 579, 581 (E.D. Pa. 1998), *aff'd*, 185 F.3d 864 (3d Cir. 1999)).) Accordingly, Plaintiffs argue the terms of the License Agreement are clear, indemnification provisions are interpreted under normal contract law, and such terms must be enforced by the Court. *(Id.* at 6–7 (citing *Liberty Mut. Ins. Co. v. Yip*, Civ. A. No. 20-03641, 2022 WL 1751297, at *5 (D.N.J. Dec. 19, 2022); *Guar. Co. of N. Am. USA v. SBN Enters. Inc.*, Civ. A. No. 09-5399, 2011 WL 3205318, at *2 (D.N.J. July 27, 2011)).)

Defendants filed their Motion seeking Summary Judgment in their favor because Plaintiffs' action for indemnification and reasonable attorneys' fees fails as a matter of law, and the Amended Complaint should be dismissed in its entirety with prejudice. (*See generally* ECF No. 64-2.) Defendants argue Plaintiffs "have failed to produce any evidence as to the reasonableness of their claimed attorneys' fees and costs, and, without such evidence, their claims

11

fail as a matter of law." (*Id.* at 1.) While Defendants do not dispute having signed the contract and entering into a License Agreement with Plaintiffs, they argue the indemnity provision is ambiguous and thus unenforceable. (*See id.* at 3–4.) Defendants state Plaintiffs "were the drafters of the License Agreement," and since "[t]hey failed to define 'reasonable attorneys' fees' anywhere in the License Agreement . . . this failure . . . is fatal to their claim, as the ability to have multiple interpretations of such an undefined and material term creates a material and fatal ambiguity in the indemnity provision itself." (*Id.* at 5 (citing *Kaufman v. Provident Life and Cas. Ins. Co.*, 828 F. Supp. 275, 282 (D.N.J. 1992), *aff'd*, 993 F.2d 877 (3d Cir. 1993)).) Defendants further claim "the License Agreement itself is unenforceable for [sic] due to its vagueness," since the indemnification provision is an essential term that is undefined and, therefore, indefinite. (*Id.* at 5 (citing *Baer v. Chase*, 392 F.3d 609, 619 (3d Cir. 2004); *Agere Systems, Inc. v. Advanced Environmental Technology Corp.*, 552 F. Supp. 2d 515, 525 (E.D. Pa. 2008); *Weicher Vo. Realtors v. Ryan*, 608 A.2d 280, 284 (N.J. 1992)).) As support for this argument, Defendants contend Plaintiffs did not specify "a practicable method or calculation prior to the execution of the License Agreement by which to determine what constitutes 'reasonable attorneys' fees,' and, therefore, in the absence of agreement as to the manner or method of determining 'reasonable attorneys' fees['], the License Agreement is invalid." (*Id.* at 6 (citing *Baer*, 392 F.3d at 619).)

Defendants also argue Plaintiffs' claims for reasonable attorneys' fees under Section 17.4 of the License Agreement are invalid as a matter of law because it too contains the ambiguous and undefined term: "reasonably attorneys' fees." (*Id.* at 7.) Defendants maintain even if this Court were to find the indemnification provision enforceable, Plaintiffs have failed to produce any evidence that their claimed fees are reasonable. (*Id.* at 7–11.) Defendants contend reasonableness is an issue for a fact finder, which is why they have requested a jury to determine

12

the alleged damages, especially when considering their assertion that Plaintiffs have not met the burden of producing evidence, such as an affidavit, calculation, or expert report, to aid a jury in determining the validity of Plaintiffs' claims. (*Id.* at 11.) Defendants provide an expert report in support of their assertion that DLA's rates were not reasonable, and therefore Plaintiffs cannot recover for the amount beyond what Liberty Mutual covered. (ECF No. 64-8.)

Plaintiffs respond in opposition that Defendants' ambiguity argument is without any legal support. (ECF No. 69 at 1.) They contend "reasonable attorneys' fees" is a "phrase . . . commonly used in statutes and contracts and imputes a legal test established and often applied by the courts of New Jersey to determine the reasonableness of fees." (*Id.*) Plaintiffs also emphasize "Section 17.6.1 of the License Agreement establishes that the agreement will be governed by and construed under the laws of the State of New Jersey." (*Id.* at 1 n.2.) As such, they argue New Jersey law is "clear that this term need not be defined in a contract to be operative and enforced by the courts. A party can recover attorneys' fees 'if expressly provided for by contract.'" (*Id.* at 2 (quoting *Barry Assocs., LLC v. 300 Allenhurst, LLC*, 2011 WL 5864323, at *2 (N.J. Super. A.D. 2011)) (citing *Packard-Bamberger & Co., Inc. v. Collier*, 771 A.2d 1194, 1202 (2001)) (citing *Dep't of Envtl. Prot. v. Ventron Corp.*, 468 A.2d 150, 166 (1983)).) Correspondingly, "[p]arties may agree[] to fee-shifting provisions, and a party may be contractually obligated to pay attorneys' fees." (*Id.* (quoting *Barry Assocs.*, 2011 WL 5864323, at *2) (citing *Satellite Gateway Commc'ns, Inc. v. Musi Dining Car Co., Inc.*, 540 A.2d 1267, 1270 (1988)).)

Plaintiffs emphasize that "[r]emarkably, in [Defendants'] Motion, *Defendants do not cite a single case* that has held that a fee provision is not enforceable unless 'reasonableness' is defined." (*Id.* at 4.) They also argue Defendants' assertion that Plaintiffs have not produced any evidence regarding the reasonableness of the attorneys' fees is "neither relevant nor true." (*Id.* at

13

5.) Plaintiffs contend the "reasonableness or amount of the . . . fees is not yet before the Court." (*Id.*) Regardless, contrary to Defendants' statement, Plaintiffs claim they "have produced, among other things, hourly billing records, testimony from a corporate representative regarding the review, approval, and payment of those bills, discovery responses and documents verifying that all amounts were paid" (*id.*) as well as an expert report and deposition from the Honorable Donald Steckroth (ret.), which states "'[t]he hourly rates charged by DLA Piper are reasonable and within the range of hourly rates that normally are charged by competent counsel for complex litigation in the relative area, namely Philadelphia'" (*id.* (quoting ECF No. 69-3 at 12)). Plaintiffs finally argue in opposition that "[c]ourts routinely separate liability and damages proceedings, particularly, as in this case, where a liability determination is appropriate as a matter of law at summary judgment and assessing damages requires a factual inquiry." (*Id.* at 6 (citing *Red Roof Franchising, LLC v. AA Hosp. Northshore, LLC*, 877 F. Supp. 2d 140, 159 (D.N.J. 2012)).)

In opposition, Defendants state "there is a genuine dispute as to whether the license agreement and guaranty are enforceable against Defendants, and therefore Plaintiffs' Motion for Partial Summary Judgment should be denied." (ECF No. 67 at 3.) Although "Defendants do not dispute that they entered into a License Agreement or Guaranty with [DIW]," they reassert "reasonable attorneys' fees" is not defined anywhere in the License Agreement, which makes the indemnitee provision ambiguous and unenforceable. (*Id.* at 3–4.) Likewise, Defendants reiterate that the License Agreement itself is unenforceable due to vagueness, since an essential term has been left undefined, as is Section 17.4 specifically. (*Id.* at 4–6.) Finally, Defendants state Plaintiffs have failed to produce any "evidence establishing that their claimed fees are 'reasonable.'" (*Id.* at 7.)

In reply, Plaintiffs argue as a threshold matter that Defendants' response to their Statement

14

of Undisputed Material Facts (ECF No. 67-1) fails to comply with Local Civil Rule 56.1 as pertains to the sixteen paragraphs Defendants purport to dispute.[3] (ECF No. 71 at 1.) They reiterate Defendants "do not dispute entering into the License Agreement and Guaranty and, having cross-moved for summary judgment, they acknowledge that this matter is ripe for resolution on summary judgment." (*Id.*) Plaintiffs further argue that Defendants' claims—that the License Agreement and Guaranty are unenforceable because "reasonable attorney's fees" is not defined in the contract—is wrong as a matter of law, and their argument that Plaintiffs have provided "no support" for the reasonableness of the fees is undermined by the undisputed facts. (*Id.*) Plaintiffs emphasize "[i]n the franchise context, this Court has routinely enforced attorneys' fees provisions like those in the License Agreement and Guaranty at issue in this case." (*Id.* at 3 (citing *Ramada Worldwide, Inc. v. Courtney Hotels USA, LLC*, Civ. A. No. 11-896, 2012 WL 924385, at *7 (D.N.J. Mar. 19, 2012); *Super 8 Worldwide, Inc. v. Gajanan Corp.*, Civ. A. No. 14-5967, 2015 WL 1954463, at *3 (D.N.J. Apr. 28, 2015); *Ramada Worldwide, Inc. v. Van Horn Hosp., LLC*, Civ. A. No. 13-7105, 2015 WL 150090, at *3 (D.N.J. Jan. 12, 2015)).) Plaintiffs again argue Defendants have failed to "*cite a single case* that has held that a fee provision is unenforceable unless 'reasonableness' is expressly defined." (*Id.*) Likewise, while Plaintiffs continue to contend they have provided sufficient information to establish the reasonableness of their attorneys' fees, they reiterate that the disputed amount is not yet before the Court. (*Id.* at 4.)

In Defendants' Reply, they maintain Plaintiffs "have lost the plot" since "the fact that a material term to the contract is not defined is what makes the indemnity provision unenforceable as a matter of law." (ECF No. 72 at 1 (citing *Read*, 397 F. Supp. 3d at 626).) Defendants continue

---

[3] The Court notes Plaintiffs' argument but finds it need not determine whether this constitutes a violation of Local Civil Rule 56.1, given the Opinion hinges primarily on Defendants' admission that they signed the License Agreement and not on the disputed paragraphs in question. *See infra.*

to argue "the 'reasonable attorneys' fees' **_are not_** defined anywhere in the License Agreement, thus rendering them, at best, vague and ambiguous." (*Id.*) Defendants claim this ambiguity is of the Plaintiffs' own doing, since they drafted the License Agreement without a clear definition, which "is fatal to its clear interpretation and enforcement." (*Id.* at 2.) As a result, Defendants assert "[i]f the parties cannot reach a clear understanding of the terms, then, by definition, the License Agreement must be considered unenforceable." (*Id.*) Additionally, Defendants continue to state Plaintiffs have not produced evidence to support the reasonableness of their fees. (*Id.* at 2–4.)

At the core of these dueling Motions is a dispute over whether the indemnification provision is enforceable as written with "reasonable attorneys' fees" left undefined. The actual amount of the fees, *i.e.*, the reasonableness of the claimed amount by Plaintiffs, while in dispute, is not ripe for judgment at this stage since a proper Motion for Attorneys' Fees has yet to be filed. *See Red Roof Franchising*, 877 F. Supp. 2d at 159; *see also* ECF No. 71 at 4 ("The *amount* of the [] Plaintiff[s'] fees is not yet before the Court. . . ."). Accordingly, the Court will only determine whether the License Agreement is valid, the indemnity provision enforceable, and if Defendants are liable for said indemnification.

Under governing New Jersey contract law, a "contract of indemnity is to be interpreted in accordance with the rules governing the construction of contracts generally." *Andre Constr. Assocs., Inc. v. Catel Inc.*, 681 A.2d 121, 123 (N.J. Super. L. 1996) (quoting *Cozzi v. Owens Corning Fiber Glass Corp.*, 164 A.2d 69, 71 (N.J. Super. A.D. 1960); *see also Id.* (citing *Levison v. Weintraub*, 521 A.2d 909, 910 (N.J. Super. A.D. 1987) ("Where the obligations of the parties are clear and unambiguously set forth in the indemnity agreement, the court should summarily enforce such indemnification provisions."); *SBN Enters. Inc.*, 2011 WL 3205318, at *2 (quoting

16

*Cnty. of Morris v. Fauver,* 707 A.2d 958, 969 (N.J. 1998) ("Under New Jersey law, 'where the terms of a contract are clear . . . the court must enforce it as written.'"). The "fundamental rule in construing contracts calls for the ascertainment of the intention of the parties in the light not only of the language used but also of the surrounding circumstances and the objects sought to be attained by them under their agreement," *Cozzi*, 164 A.2d at 71 (citing *Stern v. Larocca*, 140 A.2d 403, 406 (N.J. Super. A.D. 1958)), however, "it is equally true that where the terms of a contract are unmistakably clear, the plain meaning of those words will govern without judicial intervention," *Centennial Ins. Co. v. Horizon Contracting Co.*, Civ. A. No. 05-3917, 2008 WL 4791657, at *6 (D.N.J. Oct. 31, 2008) (citing *Cnty. of Morris v. Fauver,* 707 A.2d 958, 969 (N.J. 1998); *Kampf v. Franklin Life Ins. Co.*, 161 A.2d 717, 720 (N.J. 1960)). Additionally, "summary resolution of indemnity disputes with unambiguous contractual provisions is appropriate." *Centennial Ins. Co.*, 2008 WL 4791657, at *6 (citing *Feibus,* 15 F. Supp. 2d at 581).

Defendants are liable to Plaintiffs for indemnification of the Underlying Actions and subsequent costs and fees for bringing this action, including appropriate prejudgment interest, as set out in the License Agreement per sections 7.3, 8.1, 8.2, and 17.4. *See Travelodge Hotels, Inc. v. Meridian Glob. Invs., LP*, Civ. A. No. 11-2599, 2012 WL 2341466, at *7 (D.N.J. June 15, 2012) ("Attorneys' fees clauses are enforceable under New Jersey law."); *XL Specialty Ins. Co. v. Torchio Bros.*, Civ. A. No. 07-2330, 2008 WL 2875448, at *2 (D.N.J. July 23, 2008) ("The clear and unambiguous language of the Indemnity Agreement contractually obligates the Indemnitors to indemnify [plaintiff] from losses, costs and expenses incurred in connection with the Bonds."); *see also Travelodge Hotels, Inc. v. Durga, LLC*, Civ. A. No. 15-8412, 2024 WL 4345051, at *14 (D.N.J. 2024) (quoting *Travelodge Hotels, Inc. v. Honeysuckle Enterprises, Inc.*, Civ. A. No. 02-2889, 2005 WL 3164205, at *10 (D.N.J. 2005)) ("Prejudgment interest may be determined by

contract."); *Howard Johnson Intern. v. Patel*, Civ. A. No. 11-918, 2011 WL 2148575, at *3 (D.N.J. 2011) (citing *Howard Johnson Intern., Inc. v. Vraj Brig, LLC,* Civ. A. No. 08-1466, 2010 WL 215381, at * 4 (D.N.J. Jan. 14, 2010)) ("Under section 17.4 of the license agreement, the prevailing party in an action to enforce the agreement is entitled to recover 'all costs and expenses, including reasonable attorneys' fees' from the non-prevailing party. Attorneys' fees clauses are enforceable in New Jersey."); *Barry Assocs.*, 2011 WL 5864323, at *2 ("[A] prevailing party can recover attorneys' fees if expressly provided for by contract.") (citations omitted). "Courts have previously held indemnification clauses similar to the Agreement at issue in this matter as valid and enforceable." *Liberty Mut. Ins. Co.*, Civ. A. No. 20-03641, 2022 WL 17751297, at *4 (citing *Fallon Elec. Co., Inc. v. Cincinnati Ins. Co.*, 121 F.3d 125, 129 (3d Cir. 1997); *Feibus*, 15 F. Supp. 2d at 584; *Centennial Ins. Co.*, 2008 WL 4791657, at *2); *see also Van Horn Hosp.*, 2015 WL 150090, at *3 (enforcing prevailing party provision referring to "reasonable" attorneys' fees); *Super 8 Worldwide*, 2015 WL 1954463, at *3 (same); *Courtney Hotels USA*, 2012 WL 924385, at *7 (same); *Jackson Hewitt, Inc. v. Barnes Enterprises,* Civ. A. No. 10-05108, 2012 WL 1600572, at *3 (D.N.J. May 7, 2012) (awarding attorneys' fees and costs where franchise agreement made clear that plaintiff was entitled to such award); *Red Roof Franchising*, 877 F. Supp. 2d at 154.

Defendants do not dispute that they voluntarily and knowingly signed the License Agreement, which assigned "reasonable attorneys' fees" to them in several provisions. (ECF Nos. 67 at 3; 67-1 ¶ 7; *see* ECF No. 65-2 ¶ 7.) Instead, they argue the entire indemnification provision must be held unenforceable due to vagueness or ambiguity because "reasonable attorneys' fees" is not explicitly defined, and that the entire License Agreement becomes null and void as a result of this undefined essential term. (*See* ECF Nos. 64-2 at 3–7; 67 at 3–6.) However, such a holding

18

is neither supported by case law, as courts routinely uphold similar indemnification clauses, nor do Defendants point the Court to any analogous situation where the use of "reasonable attorneys' fees," without definition, rendered such a provision unenforceable, much less an entire contract. *See Liberty Mut. Ins. Co.*, Civ. A. No. 20-03641, 2022 WL 17751297, at *4 (citing *Fallon Elec. Co*, 121 F.3d at 129; *Feibus*, 15 F. Supp. 2d at 584; *Centennial Ins. Co.*, 2008 WL 4791657, at *2); *see also Van Horn Hosp.*, 2015 WL 150090, at *3; *Super 8 Worldwide*, 2015 WL 1954463, at *3; *Courtney Hotels USA*, 2012 WL 924385, at *7; *Jackson Hewitt*, 2012 WL 1600572, at *3; *Red Roof Franchising*, 877 F. Supp. 2d at 154. As such, Defendants here "have failed to set forth any genuine issues of material fact in dispute. Consequently, under applicable indemnity law and the unambiguous contract language present here, Plaintiff is entitled to judgment as a matter of law." *Liberty Mut. Ins. Co.*, 2022 WL 17751297, at *4.

Accordingly, Defendants' Motion for Summary Judgment is **DENIED**, and Plaintiffs' Motion for Partial Summary Judgment is **GRANTED in part as to Count I and Count III and DENIED in part as to Count II** of the Amended Complaint. Since the Court has found liability for contractual indemnification and the corresponding breach of the guaranty under the License Agreement, this moots the claim for common law/equitable indemnification.[4] Additionally, having

---

[4] "A right of indemnity may be created either by contract or by the courts as an equitabl[e] remedy," and such common law indemnification occurs when "there is no contract or privity between the parties." *R.D.D. Associates, LLC v. Windsor Benefit Consultants, Inc.*, Civ. A. No. 03-2617, 2005 WL 8176022, at *7 (D.N.J. 2005) (citing *New Milford Bd. of Education v. Juliano*, 530 A.2d 43, 44 (N.J. Super. App. Div. 1987) (citing Prosser & Keeton on Torts (5th ed. 1984) § 51)). "Equitable indemnity is 'an equitable doctrine that allows a court to shift the cost from one tortfeasor to another. The right to common-law indemnity arises "without agreement, and by operation of law to prevent a result which is regarded as unjust or unsatisfactory."'" *Capitol First Corp. v. Todd*, Civ. A. No. 04-6439, 2006 WL 3827329, at *12 (D.N.J. 2006) (quoting *Harley Davidson Motor Co. v. Advance Die Casting*, 696 A.2d 666, 670–71 (N.J. 1997) (internal citation omitted). "In order to be entitled to implied indemnification a party must show the existence of a special legal relationship with the other party." *Western Slope Telecommunications Consultants, Inc. v.*

19

found only Defendants' liability under the License Agreement and Guaranty, Plaintiffs may submit a Motion for Attorneys' Fees. The Court will then consider all appropriate evidence from both Plaintiffs and Defendants as to the alleged amount owed and come to a determination of what constitutes a reasonable award.

IV. **CONCLUSION**

For the reasons set forth above and good cause having been shown, Defendants' Motion for Summary Judgment (ECF No. 64) is **DENIED**, and Plaintiffs' Motion for Partial Summary Judgment (ECF No. 65) is **GRANTED in part and DENIED in part**. An appropriate order follows.

Dated: August 25, 2025                                    */s/ Brian R. Martinotti*
                                                          **HON. BRIAN R. MARTINOTTI**
                                                          **UNITED STATES DISTRICT JUDGE**

---

*Telephone & Data Communications, Inc.*, Civ. A. No. 89-3907, 1990 WL 86124, at *3 (D.N.J. 1990) (citing *Miller v. Hall Bldg. Corp.*, 509 A.2d 316, 318 (N.J. Super. Law Div. 1985). Here, the Court has found a valid, express contract providing for indemnification, which means common law/equitable indemnification should not apply.